**In re John Carl GIAMBITTI, Jr., Erika Giambitti, Debtors.**

**Bankruptcy No. 381–01037.**

United States Bankruptcy Court, D. Oregon.

Feb. 15, 1983.

Wade P. Bettis, Canby, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This case was commenced by the filing of a petition for relief under chapter 13. On July 16, 1981 an order was entered confirming the debtors' plan. On July 21, 1982 an order was entered converting the case to a case under chapter 7 upon motion of the debtors. At the time of conversion the chapter 13 trustee held the sum of $348 representing payments made to him by the debtors under the terms of the plan. Thereafter the chapter 13 trustee turned over to the chapter 7 trustee, Robert E. Ridgway, the sum of $316.36 being the funds on hand less 10% for the chapter 13 trustee's commission and expenses. The debtors, through their attorney, Wade P. Bettis, contend that they are entitled to claim exempt this sum of $316.36. There being no dispute as to the facts, the parties have submitted the matter to the court for decision without the necessity of a hearing.

The court is aware of three decided cases which bear upon the question here involved. They are the cases of *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982); *In re Richardson,* 20 B.R. 490 (Bkrtcy.W.D.N.Y.1982); and *In Re Jenison,* BR No. 80–05061 (Bankr.N.Dak., May 8, 1981). No other cases have been cited by the parties.

In the *Richardson* case the court held that wages collected by the chapter 13 trustee after confirmation during the chapter 13 case and prior to its conversion to a chapter 7 case which had not been paid to creditors were part of the chapter 7 estate and subject to any exemptions which the debtor had.

In the *Resendez* case the majority held that such funds voluntarily paid by the debtor to the chapter 13 trustee after confirmation and prior to conversion to chapter 7 no longer belong to the debtor, become property of the chapter 7 estate and that to permit the debtor to claim an exemption therein would be unfair to the unsecured creditors. In reaching this result the majority cited with approval the *Jenison* case. The dissenting judge did not agree that the debtor's voluntary payments to the chapter 13 trustee extinguished the debtors' interests in the monies, but rather was of the view that the debtors should be entitled to claim an exemption in the funds which had not been distributed to creditors.

The filing of a chapter 13 case can only be the voluntary act of the debtor. The Bankruptcy Code does not permit an involuntary chapter 13 case. When the plan is confirmed it becomes binding upon the debtor and the creditors. § 1327. The court cannot force the debtor to make payments under the plan since the debtor has the right at any time to dismiss his case or convert it to a chapter 7. § 1307. Thus all payments made to the trustee under the terms of the plan, whether made directly by the debtor, or indirectly through the debtor's employer, are payments voluntarily made by the debtor.

In view of § 1327 which makes a confirmed plan binding on the debtor as well as the creditors, and § 1307 which permits the debtor at any time to dismiss the case or convert it to chapter 7, it would be unfair to permit the debtor to claim as exempt funds which the debtor has voluntarily committed to the plan.

An analogy can be drawn to the provisions of subsections (g) and (h) of § 522. Under these subsections the debtor is given the right to avoid a preference to the extent that the debtor could claim an exemption in the recovery if the trustee elects not to attempt to avoid the preference. But the debtor cannot utilize these subsections if the transfer which resulted in a preference was a voluntary transfer by the debtor. While it makes sense to permit the trustee to recover a preference so that all unsecured creditors may share on a pro rata basis, it would not make sense to permit the debtor, for his own benefit, to recover a

payment voluntarily made. The same reasoning should be applicable to a payment voluntarily made by the debtor to a chapter 13 trustee.

An order will be entered denying the debtors' claim of exemption in the funds held by the chapter 7 trustee.