**In re Aart de VOS and Kathleen de Vos, Debtors.**

**Appeal of Aart de VOS and Kathleen de Vos.**

**No. C–84–20389–WAI.**

United States District Court, N.D. California.

June 5, 1987.

Allan Wichelman, Palo Alto, Cal.

Morgan, Morgan, Towery, Morgan & Spector, San Jose, Cal.

Joseph P. Thompson, San Jose, Cal.,

## ORDER

INGRAM, District Judge.

Debtors appeal the Bankruptcy Court's order of February 15, 1984, pursuant to 28 U.S.C. § 158. For the reasons set forth below, the court HEREBY ORDERS that this action is REMANDED to the bankruptcy court for proceedings in accordance with this order.

## I. BACKGROUND

The pertinent facts are as follows.[1] Debtors filed a voluntary petition for relief under 11 U.S.C. chapter 13 on October 12, 1982. The U.S. Bankruptcy Court confirmed the debtors' plan on February 14, 1983.[2] The debtors converted their chapter 13 proceedings to proceedings under 11 U.S.C. chapter 7 on March 16, 1983. The trustee for the chapter 13 estate[3] filed a final report and account on May 6, 1983, indicating that at the time of the conversion to chapter 7, there was $894.08[4] of undistributed funds in the chapter 13 estate. The chapter 13 trustee paid the $894.08 to the chapter 7 trustee. The Bankruptcy Court approved the final report and discharged the chapter 13 trustee on May 24, 1983.

On February 15, 1984, the Bankruptcy Court held a hearing regarding the account of the chapter 7 trustee.[5] Judge Moore ordered that "all the money received by the trustee [of the chapter 13 estate] prior to the conversion would be paid to the chapter 7 trustee [and] [a]ny money received by the trustee after the conversion goes to the debtor."

The debtors contend that as of March 16, 1983 (the date of conversion from chapter 13 to chapter 7 proceedings), the chapter 13 trustee was required to return to the debtors the undistributed $894.08.[6]

## II. STANDARD OF REVIEW

The district court independently reviews the bankruptcy court's decision. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986). The district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law *de novo*. *Id*.

## III. DISCUSSION

This court is unable to find any authority in this Circuit resolving the precise issue presented herein.[7] The issue is whether the debtors are entitled to the undistributed funds remaining in the chapter 13 estate upon conversion from a chapter 13 to chapter 7 proceeding. This court concludes that the debtors are entitled to the undistributed funds in this particular case. This decision is supported by a reading of the pertinent statutes and the most persuasive case authority.[8]

### A. The Pertinent Statutes

The debtors filed a joint case under chapter 13 pursuant to 11 U.S.C. § 302 on October 12, 1982. This filing created an "estate." 11 U.S.C. § 541. The property of a chapter 13 estate is defined by 11 U.S.C. § 1306, which states in pertinent part:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

.    .    .    .    .

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under

1. No responding brief has been filed in this action. The facts, therefore, are not in dispute.

2. This plan is identified by the debtors as their "first amended plan." Appellant's Opening Brief, p. 3.

3. Duncan H. Kester.

4. The sum $894.08 was arrived at by subtracting the chapter 13 trustee's expenses ($33.46) from the debtors' payments of $927.54 to the chapter 13 trustee. The $927.54 represents the "future earnings" of the debtors. *See infra*.

5. The chapter 7 trustee was the only person present at this hearing. Attendance by the debtors was not required.

6. Appellants contend, in the alternative, that if the funds had become property of the chapter 7 estate, then the funds were "exempt property" and therefore had to be paid to the debtors. For the reasons herein, the court does not reach this issue.

7. On May 1, 1985, pursuant to stipulation by the parties, this court stayed this action pending decision by the Ninth Circuit in *Nash v. Kester*, 765 F.2d 1410 (9th Cir.1985). The *Nash* court failed to reach the issue presented to this court. *See infra* p. 160.

8. The legislative history of the Bankruptcy Reform Act of 1978 also supports the court's decision. *See* H.R. No. 595, 95th Cong., 1st Sess. 116–120, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6076–80. *See also In re Peters*, 44 B.R. 68 (Bankr.M.D.Tenn.1984).

chapter 7 or 11 of this title, whichever occurs first.

The debtors acquired the $894.08 after the commencement date of October 12, 1982, but before the conversion date. The money, therefore, became part of the chapter 13 estate pursuant to § 1306(a)(2), rather than pursuant to § 541.

The debtors converted their chapter 13 case to a chapter 7 case pursuant to 11 U.S.C. § 1307. The conversion did not effect a change in the date of the commencement of the case. 11 U.S.C. § 348(a). The chapter 7 estate, therefore, commenced on October 12, 1982, the date of the chapter 13 filing.

The property of the chapter 7 estate is defined differently than the property of the chapter 13 estate. Whereas both § 541 and § 1306 define the property of the chapter 13 estate, only § 541 defines the property of the chapter 7 estate. Title 11 U.S.C. § 541 specifically excludes as property "earnings from services performed by an individual debtor after the commencement of the case." The chapter 7 estate, therefore, does not include the $894.08.

The question remains, therefore, whether the chapter 13 trustee had an obligation to return the $894.08 to the debtors. Title 11 U.S.C. § 1327(b) states in pertinent part: "The confirmation of a plan vests all of the property of the estate in the debtor." The debtors' plan was confirmed by the Bankruptcy Court on February 14, 1983. Although the debtors submitted the $894.08 to the "supervision and control" of the chapter 13 trustee (11 U.S.C. § 1322(a)(1)), ownership of this money vested in the debtors.[9]

The debtors, therefore, are entitled to the $894.08 that the chapter 7 trustee possesses.

### B. Case Analysis

The cases addressing the issue herein are not in total agreement. *See In re Peters,* 44 B.R. 68 (Bankr.M.D.Tenn.1984) (undistributed funds received by chapter 13 trustee after confirmation are not property of chapter 7 estate upon conversion, and funds must be returned to debtors); *In re Bullock,* 41 B.R. 637 (Bankr.E.D.Pa.1984) (post-filing payroll deductions to creditors are not property of chapter 7 estate upon conversion, and distributed wages must be returned to debtors); *In re Lepper,* 58 B.R. 896 (Bankr.D.Md.1986) (accounts receivable for services performed by debtor after chapter 13 filing, but before conversion, are property of debtor); *In re Shattuck,* 62 B.R. 14 (Bankr.D.N.H.1986) (post-filing payments made to chapter 13 trustee before conversion are property of debtor); *In re McFadden,* 37 B.R. 520 (Bankr.M.D.Pa. 1984) (wages earned after commencement of chapter 13, but before conversion to chapter 7, are not property of chapter 7 estate); *In re Hannan,* 24 B.R. 691 (Bankr. E.D.N.Y.1982) (post-filing tort claims and wages do not become part of chapter 7 estate upon conversion); *In re Lennon,* 65 B.R. 130 (Bankr.N.D.Ga.1986) (undistributed payments by debtor to chapter 13 trustee never become property of chapter 7 estate).[10]

There are other cases that reach a contrary conclusion. *See Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982) (post-confirmation payments held by chapter 13 trustee may not be claimed as exempt after conversion to chapter 7 case); *In re Giambitti,* 27 B.R. 492 (Bankr.D.Or.1983);[11] *In re Lindberg,* 735 F.2d 1087 (8th Cir.1984) (date of conversion determines what ex-

---

**9.** Congress amended 11 U.S.C. § 1326 in 1984 to read, in pertinent part: "(2) ... If a plan is confirmned, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payment to the debtor,...." The court notes that had this amendment been in effect for the case at bar, the chapter 13 trustee would have had to make payment to the creditors named in the confirmed chapter 13 plan, and not to either the debtors or chapter 7 trustee.

**10.** *In re Lennon* offers perhaps the most comprehensive analysis of the issues involved when a chapter 13 proceeding is converted to a chapter 7 proceeding.

**11.** For a criticism of *Resendez* and *Giambitti, see In re Peters, supra,* at 71–72.

emptions may be claimed and what constitutes property of the estate); *In re Tracy*, 28 B.R. 189 (Bankr.D.Me.1983).

This court stayed the present action pending *In re Nash*, 765 F.2d 1410 (9th Cir.1985). That case involved two successive confirmed chapter 13 estates. At the time of dismissal of the first estate on July 22, 1983, the chapter 13 trustee had $907.14 of undistributed funds. The chapter 13 trustee paid this money to a creditor after the dismissal. The Ninth Circuit concluded that the debtor was entitled to the $907.14. The court stated: "Ownership over all the property of the estate, including the $907.14, vested in the [debtors] once the plan was confirmed. 11 U.S.C. § 1327(b)." This statute is also applicable to the case at bar. *See infra* at I. A.[12]

The *Nash* court avoided the issue at bar, and stated:

> Even assuming that *Resendez* and *Giambitti* correctly hold that wage deductions received prior to dismissal no longer belong to a chapter 13 debtor during the administration of the plan, those cases involved a conversion to chapter 7. They do not address the fact that dismissal revests the property of the estate in the debtor. 11 U.S.C. § 349(b)(3).

*Nash* at 1414.

This court finds persuasive those cases holding that post-filing, pre-conversion earnings and payments never become property of the chapter 7 estate and must be returned to the debtors. The reasoning in *Nash* further supports this conclusion. Accordingly, the debtors are entitled to the $894.08.

## IV. CONCLUSION

For the reasons above, the court concludes that the undistributed funds in the amount of $894.08 never became part of the chapter 7 estate. Because ownership of the property in the chapter 13 estate vested in the debtors upon confirmation of the plan, the debtors are entitled to the $894.08. Accordingly, this action is hereby

remanded to the bankruptcy court for proceedings consistent with this order.

---

**12.** The court stated that 11 U.S.C. § 349(b)(3) ("Effect of Dismissal") "further supported" the conclusion that the debtors were entitled to the $907.14. *Nash, supra*, at 1414. Title 11 U.S.C. § 349(b)(3) is not applicable to the case at bar, which concerns a conversion.