**In re Jan Brooke HALPENNY, Debtor.**

**Bankruptcy No. 90–00232.**

United States Bankruptcy Court,
D. Hawaii.

March 7, 1991.

Colin Kurata, Honolulu, Hawaii, for debtor.

Carol Muranaka, Honolulu, Hawaii, for I.R.S.

Howard Hu, Chapter 13 Trustee.

MEMORANDUM DECISION AND
ORDER DENYING MOTION
FOR TURNOVER

JON J. CHINEN, Bankruptcy Judge.

A hearing was held on February 15, 1991 on the Motion for Turnover of Exempt

Assets filed by Jan Brooke Halpenny ("Debtor"). Present at the hearing were Colin Kurata, Esq., attorney for Debtor, Howard Hu, Esq., the Chapter 13 Trustee representing himself, and Carol K. Muranaka, Esq., attorney for the United States of America ("USA"). Following the hearing, the Court took the matter under advisement and gave counsel until February 22, 1991 to submit additional memoranda.

Based upon the memoranda submitted, the records in the file and arguments of counsel, the Court renders this Memorandum Decision.

## FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under 11 U.S.C. Chapter 13 on March 30, 1990. The Debtor submitted a plan on April 16, 1990 which, after a hearing, was confirmed on October 4, 1990, the Order Confirming Plan being entered October 24, 1990. The Debtor converted her Chapter 13 proceeding to a proceeding under 11 U.S.C. Chapter 7 on November 15, 1990.

During the time that the Chapter 13 proceeding was pending, Debtor made payments to the Chapter 13 Trustee in the aggregate amount of $3,375.00. On November 24, 1990, following the conversion to a Chapter 7 proceeding, the Chapter 13 Trustee distributed the sum of $3375.00 pursuant to the confirmed Chapter 13 plan as follows:

| U.S. Bankruptcy Court | $ 180.00 |
| Internal Revenue Service | $2,857.00 |
| Trustee | 337.00 |
| | $3,375.00 |

On January 24, 1991, Debtor filed a Motion for Turnover of Exempt Assets, claiming that the $3,375.00 is exempt under 11 U.S.C. § 522(d)(5). The Chapter 13 Trustee and the United States of America filed memoranda in opposition to Debtor's motion, relying on 11 U.S.C. § 1326(a)(2).

To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

In 1984, Congress amended 11 U.S.C. § 1326(a)(2) to read:

(2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

In *In re de Vos*, 76 B.R. 157 (N.D.Cal. 1987), in a case similar to the facts in the instant case, the District Court held that, under the pre–1984 amendment, the undistributed Chapter 13 funds should be returned to the Debtor. However, in footnote 9 (p. 159) the Court noted:

9. Congress amended 11 U.S.C. § 1326 in 1984 to read, in pertinent part: "(2) ... If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payment to the debtor,...." The court notes that had this amendment been in effect for the case at bar, the chapter 13 trustee would have had to make payment to the creditors named in the confirmed chapter 13 plan, and not to either the debtors or chapter 7 trustee.

In *Matter of Burns*, 90 B.R. 301 (Bkrtcy S.D. Ohio 1988), after reviewing the 1984 Amendment to the Bankruptcy Code, the Court stated:

In reviewing the spectrum of opportunities available to a debtor initially electing to proceed under Chapter 13, in drafting and presenting a Chapter 13 plan, in being able to modify a Chapter 13 Plan, and in being able to convert or dismiss a Chapter 13 Plan-all of which remain almost exclusively within the debtors' control-recognition must be given to the fact that when debtors have voluntarily paid funds to the Chapter 13 Trustee pursuant to the terms of a confirmed Plan, the creditors' right to re-

ceive funds pursuant to the confirmed plan vests at the time the trustee receives the funds and debtors can no longer retain any reasonable expectation that such funds will be returned to them under any circumstances, including a conversion or dismissal. As the court in *Redick* declared,

> "... [O]nce a debtor has voluntarily parted with his wages and delivered them to the custody of the trustee in performance of a voluntary Chapter 13 Plan which has been confirmed by the court, the creditors have a vested right to receive those payments pursuant to the plan." 81 B.R. at 881.

And, as the court in *In re Waugh*, 82 B.R. 394 (Bankr.W.D.Pa.1988), stated:

> The mandate of 11 U.S.C. § 1326 creates a trust of Chapter 13 payments received during the pendency of a confirmed plan. The trust created should not be dependent on the speed of its distribution.

*Id.* at 400. *See also In re Redick*, 81 B.R. 881, 886 (Bankr.E.D.Mich.1987).

Under the Bankruptcy Code, a debtor has the initial choice of filing a petition under Chapter 7, 11 or 13. When he seeks to avoid the stigma of a Chapter 7 proceeding and selects a Chapter 13 proceeding, he controls his destiny by submitting a plan consistent with his financial situation. As long as the plan meets certain requirements of 11 U.S.C. 1325(a), the court will confirm the plan.

The confirmed plan is a new agreement between the debtor and his creditors. Section 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

After paying towards a confirmed plan and holding the creditors at bay, the debtor should not be allowed to convert to Chapter 7 and further thwart the creditors who had reasonable expectations to receive payments under the confirmed plan.

This Court agrees with *Matter of Burns* and *In re Waugh* that, under 11 U.S.C.

1326, when a debtor voluntarily pays funds to the Chapter 13 Trustee pursuant to the terms of a confirmed plan, the creditors have a vested right to receive the funds at the time the Trustee receives the funds. Because of this vesting, the debtor no longer has any interest in these funds. Thus, the funds in the hands of the Chapter 13 Trustee should be distributed pursuant to the provisions of the confirmed Plan.

For all of the foregoing reasons, the Court denies Debtor's motion. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed.

IT IS SO ORDERED.