**In re Richard & Cassandra BOGGS, Debtors.**

**Bankruptcy No. 90–33139.**

United States Bankruptcy Court,
W.D. Washington.

Feb. 24, 1992.

Desa Gese Conniff, Tacoma, Wash., for debtors.

Paul B. Snyder, McGavick Graves, Tacoma, Wash., for Chapter 13 Trustee.

## DECISION AND ORDER RE: FUNDS AND CONVERTING CASE

PHILIP H. BRANDT, Bankruptcy Judge.

### I. FACTS

Richard and Cassandra Boggs filed for relief under Chapter 13 of the Bankruptcy Code [1] on 28 August 1990. They completed their continued § 341(a) meeting on 8 November 1990, and an Order confirming their Chapter 13 Plan was entered 15 November 1990.

After making a number of payments to the Chapter 13 Trustee by an allotment of Debtor husband's military pay, Debtors moved for conversion of their case to one under Chapter 7 on 15 January 1992. Debtors also requested an Order directing the Trustee to turn over the funds he has on hand to their counsel, or, alternatively, dismissal. By Stipulated Order, the Trustee is holding those funds pending this decision.

### II. ISSUE

What are the respective rights of the Debtors and creditors in undistributed funds held by the Chapter 13 Trustee at the time of conversion to Chapter 7, when the source of those funds was debtors' post-confirmation wages?

### III. CONTENTIONS

■ Debtors contend that, because postfiling wages which § 1306(a)(2) includes in the Chapter 13 estate are excluded from

---

**1.** 11 U.S.C.: references to "§", "Section" or to "Chapter", without more, are to the Bankruptcy Code.

the Chapter 7 estate by § 541(a)(6), the operation of § 348(a) removes the funds held by the Trustee from the Chapter 7 estate upon conversion, citing *In re Luna*, 73 B.R. 999 (N.D.Ill.1987) and *In re Peters*, 44 B.R. 68 (Bkrtcy., W.D.Tn.1984). Since their wages would not have been available to creditors in a Chapter 7 filed at the time of Debtors' Chapter 13 Petition, Debtors argue they should not be penalized by having attempted the Chapter 13 Plan, and that disbursing the funds to creditors would do so.

Debtors further assert the statutory termination of services by § 348(e) deprives the Trustee of power to disburse funds. Finally, Debtors submit, in support of their alternative motion, that dismissal vacates their confirmed Plan, and *In re Nash*, 765 F.2d 1410 (9th Cir.1985) requires the funds to be turned over to them.

David M. Howe, the Chapter 13 Trustee, argues that *Nash* does not control in the conversion context, as the Court there recognized (at 1414), and urges authorities [2] holding that creditors have a superior or vested interest in funds voluntarily paid to the Chapter 13 Trustee. The Trustee argues that, if Chapter 13 debtors are entitled to refunds of voluntary post-confirmation wage payments, creditors will demand immediate payments. He urges that the funds he holds as Trustee be distributed to creditors pursuant to the confirmed Plan. In cases of dismissal, the Trustee submits that funds which have been vouchered to a creditor are vested in that creditor, even if the check or payment has not yet been transmitted.

## IV. DISCUSSION

*In re Redick* concisely articulates the problem [3] confronting the Court:

A literal reading of § 348(a) leads to the possibly anomalous result that wages which were property of the debtor's bankruptcy estate so long· as the case continued under Chapter 13 are retroactively withdrawn from that estate when the case is converted to Chapter 7. Under this construction, since they are not property of the estate, the funds held by the Chapter 13 trustee ought to be returned to the debtor, as they were not property of the estate as of the commencement of the case. However, many courts have been uneasy with this result, and there has been a split of authority as to whether the debtor or the Chapter 7 trustee is the appropriate recipient of the funds. [citations and footnotes omitted] 81 B.R. at 883.

The Court in *Redick* rejects the "debtor entitlement" analysis of *In re Luna*, which is partly predicated on *In re Nash*, reading the requirement in § 1326(c) [4] that "... the trustee shall make payments to the creditors under the plan[.]" as giving creditors "... a vested right to receive those payments pursuant to the plan[.]" once the debtor has voluntarily submitted his wages to a trustee under a confirmed Chapter 13 plan. 81 B.R. at 887. In reaching this holding, the Court hypothesized that if converting Chapter 13 debtors were entitled to recover back their wages, creditors would demand daily distributions of their vested funds, creating massive administrative problems and costs.

*Redick* has been persuasive: see, for example, *In re Waugh, Matter of Burns, In re Halpenny*, and *In re Galloway*, 134 B.R. 602 (Bkrtcy., W.D.Ky.1991). These cases also rely on the mandatory language used by Congress in adding § 1326(a)(2) in 1984.

Section 1326(a) provides:

(1) Unless the court orders otherwise, the debtor shall commence making the

---

**2.** *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir. 1982), *In re Giambitti,* 27 B.R. 492 (Bkrtcy., Or.1983), *In re Lennon,* 65 B.R. 130 (Bkrtcy., N.D.Ga.1986), *In re Redick,* 81 B.R. 881 (Bkrtcy., E.D.Mi.1987), *In re Waugh,* 82 B.R. 394 (Bkrtcy., W.D.Pa.1988), *In re Burns,* 90 B.R. 301 (Bkrtcy., S.D.Oh.1988), and *In re Halpenny,* 125 B.R. 814 (Bkrtcy., D.Hi.1991).

**3.** See also, D.G. Epstein, *Consequences of Converting a Bankruptcy Case,* 60 Am.Bnkr.L.J. 339 (1986), Part II, at pages 341–348.

**4.** Then codified as § 1326(b).

payments proposed by a plan within 30 days after the plan is filed.

(2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

By its terms, § 1326(a)(2) does not pertain to funds received by a trustee *after* confirmation of a Chapter 13 plan. The cases finding "creditor vesting" of post-confirmation payments by implication from § 1326(a)(2) do so without citing legislative history for that proposition. Nor has the Trustee cited any legislative history.

Section 1326(c) provides:

Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

Again, neither the cases nor the Trustee cite legislative history supporting a "creditor vesting" theory predicated on this language.

I cannot conclude that Congress intended legislatively to create trusts for creditors in enacting § 1326(a)(2) and (c); rather, Congress was apparently dealing with the questions of when plan payments are to begin, the disposition of funds in the event no plan is confirmed, and who is to handle the funds.[5]

The additional rationales for "creditor vesting"[6], that it is somehow unfair to creditors, or that a debtor ought not receive an unexpected windfall, are also flawed. Since § 1325(a) requires a finding that the holder of each allowed unsecured claim will receive not less than the holder would receive under Chapter 7 to confirm a plan, it is not self-evident that the dilution effect of treating pre-conversion creditors as pre-petition creditors in the converted Chapter 7 necessarily inflicts a net loss on actual pre-petition creditors. Those creditors have had the benefit of distribution from debtors' wage contributions, which would not have been available to them under Chapter 7. In all, there seems no inherent inequity in refunding undisbursed wage contributions to debtors on conversion.

Moreover, the refund is clearly not an unexpected windfall in this case: Debtors, whose motion was prompted in part by health problems, are willing to have their case dismissed if necessary to obtain the funds the Trustee holds.

While I disagree with the result in *Redick*, I do not base my conclusion on § 348(e). See, *Luna*, 73 B.R. at 1002. As the Court noted in *Redick*, 81 B.R. at 886, conversion does not end the Trustee's duties: he must submit a final report, and someone must still transmit any funds on hand to whomever is entitled.

Rather, the Ninth Circuit's holding in *Nash*, 765 F.2d at 1413, that dismissal effectively vacates a confirmed Chapter 13 plan, pertains here: while § 1307(b) conditions dismissal and requires court action, § 1307(a) gives debtors the absolute right to convert to Chapter 7 at any time. Analytically, a Chapter 13 plan has no relevance to or import in a case under any other chapter. § 103(h). Since conversion is effective upon notice, it perforce has no less effect on a plan than dismissal would.[7] See *In re Doyle*, 11 B.R. 110 (Bkrtcy., E.D.Pa.1981) (holding a Chapter 13 plan no longer in force upon conversion of the case to Chapter 7, and cited by the Ninth Circuit

---

**5.** See King, ed., *5 Collier on Bankruptcy*, 15th Ed., ¶ 1326.01[2], at 1326–3 and 4, and legislative history therein cited, and ¶ 1326.01[4] at 1326–8 through 1326–10.

**6.** See, e.g., *Lennon*, 65 B.R. at 136–138, *Redick*, 81 B.R. at 884–885, and *Halpenny*, 125 B.R. at 816.

**7.** Bankruptcy Rule 1017(d); although Debtors' styled their pleading "Motion for Conversion or Dismissal ...", they unequivocally stated their desire to convert to Chapter 7, requesting disbursement of the funds held by the Chapter 13 Trustee to their counsel, and alternatively moved for dismissal if refund were denied. I am treating the motion as a notice of conversion with an alternative motion for dismissal.

in support of the principle articulated in *Nash* ). If a plan is vacated or no longer in effect, a Chapter 13 trustee has no authority for further disbursement to creditors.

Finally, the Congressional policy of encouraging debtors to repay their creditors via Chapter 13 [8] is furthered by debtors (and their counsel) knowing they will not be penalized for attempting Chapter 13.

I therefore conclude that Debtors effectively converted the case by filing their Motion, and that they are entitled to the funds held by the Trustee. In so ruling, I do not mean to suggest that pre-conversion payments to creditors by the Chapter 13 Trustee from post-confirmation wages can be recovered by Debtors or the Chapter 7 Trustee. While not ruling on that issue, the cases appear to hold that creditors's rights to payments are vested upon the Chapter 13 Trustee's disbursement to them.[9] If the "daily disbursement" problem suggested in *Redick,* 81 B.R. at 886, is not merely theoretical, that problem could be resolved by plan language or the confirmation order. § 1326(c). Having reached this disposition, I need not decide whether creditor vesting occurs upon vouchering, rather than actual distribution.

## V. ORDER

Debtors' Motion for Conversion or Dismissal ... is deemed their notice of conversion to a case under Chapter 7 of the Bankruptcy Code, effective upon filing on 16 January 1992, and the Trustee shall disburse the funds he holds, less any administrative expenses, to Debtors in care of their counsel.

8. See, *Peters,* 44 B.R. 68 (Bkrtcy., M.D.Tn., 1984), *Lennon,* 65 B.R. at 132, and *Luna,* 73 B.R. at 1004.

9. See, *Luna,* 73 B.R. at 1002, and authorities cited there.