**In re Daniel O'QUINN, Jr.
Alberta O'Quinn.**

**Daniel O'QUINN, Jr., Alberta O'Quinn, Plaintiffs,**

v.

**Charles BREWER, Trustee, Defendant.**

**Bankruptcy No. 9000089.
Adv. No. 9100282.**

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

June 16, 1992.

---

12. *See* Jury Instructions, pp. 80 *et seq.*

Robert Rex McCraney, Jr., Clinton, Miss., for plaintiffs.

Charles Brewer, Jackson, Miss., Chapter 13 Trustee.

## MEMORANDUM OPINION

### EDWARD ELLINGTON, Chief Judge.

This matter is before the Court on the Plaintiffs' Motion To Turn Over Exempt Property, and the parties having submitted memorandum briefs in support of their respective positions, and having requested that the Court render a decision in this matter based on the briefs and stipulation filed with the Court, and the Court being otherwise fully advised in the premises does hereby find that the Plaintiffs' motion is not well taken and should be denied. In so ruling, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

All facts which are material to the resolution of this matter are set forth in the Stipulation of Facts and Documents filed with the Court, and accordingly, are not in dispute.

On January 11, 1990 the Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code. Their chapter 13 plan was confirmed on April 4, 1990. Upon motion of the Debtors, their case was subsequently converted on October 10, 1991 to a case under Chapter 7 of the Bankruptcy Code.

The Chapter 13 Trustee has remaining in his possession plan payments totaling $3,857.46. Of the total sum, $315.74 was received by the Trustee after the conversion date, and there is no dispute that this amount belongs to the Debtors. However, the Trustee disputes that the Debtors are entitled to the remainder of the funds, and asserts that the funds should be distributed to the creditors of the confirmed plan.

On December 23, 1991, the Debtors filed their motion for turnover of the funds, seeking an order requiring the Chapter 13 Trustee to return to them the entire amount of money in his possession.

### CONCLUSIONS OF LAW

The issue before the Court is whether funds in the possession of a chapter 13 trustee should be returned to the debtor or distributed to creditors of the estate, upon conversion of a case from a chapter 13 to a chapter 7 bankruptcy. A split of authority exists regarding the issue, and while the decisions are numerous and varied, four main theories have developed as to the status of the funds. The case law dealing with the issue involves both pre-confirmation and post-confirmation conversions, but the Court will limit its discussion to only those cases involving post-confirmation conversions.

The four main theories regarding the status of funds in the possession of the chapter 13 trustee at the time of conversion from chapter 13 to chapter 7 may be stated as follows:

1. The funds are property of the debtor, not property of the chapter 13 estate, and should be returned to the debtor;

2. The funds are property of the chapter 13 estate, and should be disbursed according to the terms of the confirmed plan;

3. The funds become property of the chapter 7 estate, and should be turned over to the chapter 7 trustee, except that the debtor may claim any exemption in the funds that he may have available under applicable law; and

4. The funds become property of the chapter 7 estate, not subject to any exemptions claimed by the debtor, and should be distributed in full to the creditors of the estate.

In order to understand how such differing results have been reached by the various courts as to the same factual situation, the reasoning of the courts must be examined, and a discussion of the above stated theories and applicable Bankruptcy Code sections will follow.

Those courts which have found that funds in the possession of the chapter 13 trustee at the time of conversion belong to the debtor, and do not constitute property of the estate, have relied on the language of Bankruptcy Code[1] §§ 348, 541, and 1306. Section 541 defines property of the estate generally as various property interests held by the debtor as of the commencement of the case. Under § 541, property of the estate does not include post-petition earnings of the debtor. However, in addition to § 541, § 1306(a)(2) further defines property of the estate in a chapter 13 case, and provides that a chapter 13 estate does include earnings by the debtor after the case is commenced and before it is closed, dismissed, or converted.

If §§ 541 and 1306 are the only code sections applied, it may appear that money paid to the trustee after the date of filing is property of the estate pursuant to § 1306(a)(2). However, § 348(a) provides that:

**11 U.S.C. § 348**

**§ 348. Effect of conversion.**

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes and order for relief under the chapter to which the case is converted, but,

except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Therefore, upon conversion, the new chapter 7 estate relates back to the date of the original chapter 13 filing. Since § 1306 is no longer applicable upon conversion of the case from chapter 13 to chapter 7, property of the estate is now defined only by § 541, which excludes post-petition income.

If the chapter 7 estate is said to have commenced on the date of the original chapter 13 filing, and post-petition income is excluded from property of the estate in a chapter 7 case, then any money from post-petition earnings in the chapter 13 trustee's possession is property of the debtor, and not property of the estate. Since the money is property of the debtor, and not property of the estate, the debtors do not need to claim an exemption in the funds. *See e.g. In re Boggs*, 137 B.R. 408 (Bankr. W.D.Wash.1992); *Blood v. Wineburg (In re Marshall)*, 79 B.R. 147 (Bankr.N.D.N.Y. 1987); *In re Vos*, 76 B.R. 157 (N.D.Cal. 1987); *McCullough v. Luna (In re Luna)*, 73 B.R. 999 (N.D.Ill.1987); *In re Peters*, 44 B.R. 68 (Bankr.M.D.Tenn.1984); *In re McFadden*, 37 B.R. 520 (Bankr.M.D.Pa. 1984).

The second theory regarding the status of funds in the possession of the chapter 13 trustee is that the funds are property of the chapter 13 estate and should be disbursed according to the terms of the confirmed plan. The line of decisions which have found that the money is property of the chapter 13 estate rely on the language of Bankruptcy Code § 1326(a)[2] which provides as follows:

(a) Before or at the time of each payment to creditors under the plan, there shall be paid—
(1) any unpaid claim of the kind specified in section 507(a)(1) of this title; and
(2) if a standing trustee appointed under section 1302(d) is serving in the case, the percentage fee fixed for such standing trustee under section 1302(e) of this title.
(b) Except as otherwise provided in the plan or in the order confirming the plan, the

---

**1.** Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

**2.** Current § 1326(a) was added to the Bankruptcy Code by Pub.L. 98–353 on July 10, 1984, effective with respect to cases filed 90 days after the date of enactment. Prior to the amendment, § 1326 appeared as follows:

**§ 1326. Payments**

**11 U.S.C. § 1326**

**§ 1326. Payments.**

(a)(1) Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.

(2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. *If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan.* If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title (emphasis added).

The interests of the creditors in the funds is said to have vested at the time the trustee received the funds, as explained in *In re Halpenny*, 125 B.R. 814 (Bankr. D.Haw.1991):

[W]hen a debtor voluntarily pays funds to the Chapter 13 Trustee pursuant to the terms of a confirmed plan, the creditors have a vested right to receive the funds at the time the Trustee receives the funds. Because of this vesting, the debtor no longer has any interest in these funds. Thus, the funds in the hands of the Chapter 13 Trustee should be distributed pursuant to the provisions of the confirmed Plan.

*Id.* at 816.

In holding that "the creditors' right to receive funds pursuant to the confirmed plan vests *at the time the trustee receives the funds* and debtors can no longer retain any reasonable expectation that such funds will be returned to them under any circumstances, including a conversion or dismissal," Judge Waldron, Bankruptcy Judge for the Southern District of Ohio, explained as follows:

This holding appropriately balances the debtors' otherwise unlimited opportunity to control the direction and disbursement of their promised payments in a confirmed plan with their creditors' reasonable expectation to receive those promised payments pursuant to the new

trustee shall make payments to creditors un-

rights and obligations created by the confirmed plan.

*Ledford v. Burns (Matter of Burns)*, 90 B.R. 301, 304–5 (Bankr.S.D.Ohio 1988).

Likewise, the court held in *In re Galloway*, 134 B.R. 602, 603 (Bankr.W.D.Ky. 1991), that from the language of § 1326 "[i]t is clear that the trustee shall return undistributed payments if the plan is not confirmed. The code is just as specific that if plan payments are made, pursuant to a confirmed plan, then the trustee shall distribute any such payments in accordance with the plan." *See also In re Milledge*, 94 B.R. 218 (Bankr.M.D.Ga.1988); *Waugh v. Saldamarco (In re Waugh)*, 82 B.R. 394 (Bankr.W.D.Pa.1988); *In re Redick*, 81 B.R. 881 (Bankr.E.D.Mich.1987); *Matter of Williams*, 52 B.R. 15 (Bankr.W.D.Pa.1985).

An often cited case, *In re Lennon*, 65 B.R. 130 (Bankr.N.D.Ga.1986), contains a thorough discussion of the interests of the debtor and creditors in plan payments made during a chapter 13 case. Although *Lennon* involved a preconfirmation conversion to a chapter 7 case, the court discussed postconfirmation conversion as well, stating:

When confirmed, the plan governs the relations of the parties and the debtor is bound to make specified payments provided in the confirmed plan. These payments are specifically earmarked and set aside for distribution to creditors provided for by the confirmed plan. To the extent that the confirmed plan provides for payment from debtor's future earnings and the debtor actually makes payment to the trustee pursuant to that plan, the debtor is not entitled to possession nor is the debtor vested with title to such payments. Sections 1306(b) and 1327(b) specifically except such payments from their provisions since the debtor's right of possession and vesting of title is limited to all sums and property not otherwise provided for in the confirmed plan or confirmation order. These exceptions to possession and vesting of title in debtor indicate that debtor is to have no

der the plan.

continuing interest in payments actually made pursuant to a confirmed plan. It is logical to infer that Congress intended that any payments actually made to the trustee pursuant to a confirmed plan would be placed in the trustee's possession and vested in the creditors provided for by such plan. The creditors' right to payment matures at the time each payment is made to the trustee pursuant to the confirmed plan. Therefore, undistributed payments which are made pursuant to a confirmed plan and thus set aside for creditors must be paid to such creditors in accordance with the provisions of the plan whether the case proceeds as a Chapter 13, converts to Chapter 7, or is dismissed.

*Id.* at 136.

The third theory which has been applied by the courts is that the funds in the possession of the chapter 13 trustee become property of the chapter 7 estate upon conversion, and the debtor may claim any exemption in the funds that may be available under applicable law. While most of the opinions holding this way have involved pre-confirmation conversions, there is also authority holding that in a post-confirmation conversion the debtor may claim an exemption in the funds as part of the chapter 7 estate. In *Arkison v. Plata (In re Plata)*, 958 F.2d 918 (9th Cir.1992) the Ninth Circuit Court of Appeals stated:

Prior to the confirmation of the Chapter 13 Plan, creditors of the debtor have no rights in the creditors' [sic] estate. Confirmation, however, binds the creditors and the debtor to the provisions of the plan and vests all property of the estate in the debtor except as otherwise provided in the plan. The monies received by the Chapter 13 Trustee from the debtors during the Chapter 13 proceeding became part of the Chapter 13 estate. The debtors' creditors acquired a nonvested interest in these monies by the plan and the order confirming the plan. A Chapter 13 creditor's interests do not vest until the monies are distributed. Because the monies here in question were not distributed, the funds became part of the Chapter 7 estate and remain subject

to the debtors' exemptions. The debtors' interests in the monies have not been extinguished.

*Id.* at 922; *see also In re Kao,* 52 B.R. 452 (Bankr.D.Or.1985); *In re Richardson,* 20 B.R. 490 (Bankr.W.D.N.Y.1982).

Lastly, some courts have applied the theory that funds in the possession of the chapter 13 trustee at the time of conversion become property of the chapter 7 estate, but are not subject to a claim of exemption by the debtor. In so finding, the Eighth Circuit Court of Appeals in *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982), stated:

Since the debtor voluntarily made the payments in question to a Chapter 13 trustee for the benefit of creditors, it would be unfair to permit the monies to be now claimed as exempt under his Chapter 7 proceeding on the basis that they had not been distributed to the creditors. In other words, at this stage it would be unfair to the unsecured creditors.

*Id.* at 399.

Likewise, the bankruptcy court held in *In re Radebaugh,* 125 B.R. 797 (Bankr. W.D.Mo.1991), that confirmation changes the nature of the payments to the trustee from earnings of the debtor to property of the estate, and to allow the debtor to claim an exemption in the money would be to deny creditors the funds to which they are entitled under Bankruptcy Code § 1326(a)(2). The court also stated that "[t]he payment of the money to the Chapter 13 Trustee once the plan is confirmed is equivalent to paying the money to the creditors" *Id.* at 798.

Finally, relying on equitable principles, the court in *In re Giambitti,* 27 B.R. 492 (Bankr.D.Or.1983) stated:

In view of § 1327 which makes a confirmed plan binding on the debtor as well as the creditors, and § 1307 which permits the debtor at any time to dismiss the case or convert it to chapter 7, it would be unfair to permit the debtor to

claim as exempt funds which the debtor has voluntarily committed to the plan. *Id.* at 493.

The Court recognizes that it has the responsibility to apply statutory language as it appears in the Bankruptcy Code where the language is clear and unambiguous. While each of the various code sections discussed above may appear to be clear when read separately, when each section is read in conjunction with all of the other code provisions, conflicts among the sections arise. Since there is no provision in the code which unequivocally states to whom the trustee must disburse the funds in his possession upon conversion of a confirmed chapter 13 case, the Court must look to the overall purpose of the Bankruptcy Code, and attempt to balance the competing interests of the Debtors and the creditors of the estate.

This Court is of the opinion that the reasoning of Judge Waldron in the previously cited case of *Ledford v. Burns (Matter of Burns)*, 90 B.R. 301 (Bankr.S.D. Ohio 1988) is correct, wherein he concluded that funds held by the chapter 13 trustee at the time of conversion should be paid to creditors pursuant to the terms of the confirmed plan. This decision appropriately balances the interests of both debtors and creditors in the funds.

The Court would also observe that in the case at bar and prior to conversion, the Debtors retained possession of and continued to use certain property that was security for certain of their debts. This is typical of most chapter 13 cases. The security normally consists of such items as automobiles, homes and household goods and furnishings. The secured lenders are prohibited from taking possession of their property because the debtor has a confirmed plan which proposes to pay them each month. It appears to this Court to be patently unfair to allow a debtor to drive and depreciate an automobile, occupy a home or use household goods based on a promise to his creditors in the form of a court approved plan, and then allow the debtor to snatch away the monies which the trustee is holding to make the payments, but has not yet disbursed, by allowing the debtor to pick an opportune time to convert. The unfairness to secured creditors is not remedied by holding that money in the chapter 13 trustee's possession at the time of conversion becomes property of the chapter 7 estate, even if the debtor is not allowed to claim an exemption in the funds. The distribution scheme under chapter 7 would result in the funds which had been paid to the chapter 13 trustee on behalf of the secured creditors being distributed to unsecured creditors of the estate.

Accordingly, the Debtors' Motion to Turn Over Exempt Property should be denied, and the Chapter 13 Trustee should be ordered to disburse according to the terms of the Debtors' confirmed plan those funds in his possession which represent preconversion plan payments. Further, the Chapter 13 Trustee should be ordered to return to the Debtors those funds received by him after the date of conversion.

A separate judgment consistent with this opinion will be entered in accordance with Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.