**In re Charles SWIFT and Maria Swift, Debtors.**

**Peter H. ARKISON, Trustee, Plaintiff,**

v.

**Charles SWIFT and Maria Swift, Defendants.**

**Bankruptcy No. 86–03647.**

**Adv. No. A87–02403.**

United States Bankruptcy Court, W.D. Washington.

Oct. 5, 1987.

Charles Swift, debtor pro se.

Peter H. Arkison, Bellingham, Wash., trustee.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

SAMUEL J. STEINER, Chief Judge.

### FACTS AND ISSUE

This bankruptcy case was filed under Chapter 13 on May 20, 1986. Thereafter, the Chapter 13 trustee received a total of $4,526.17 from wage deductions. However, the plan was not confirmed and on July 18, 1986, the case was converted to Chapter 7. After the conversion, the trustee returned $4,486.17 to the debtors. The funds were not claimed as exempt and on November 10, 1986, an Order was entered approving the Chapter 13 trustee's final account and report.

After receipt of the funds, the debtors asked both their attorney and the Chapter

13 trustee if the funds were properly theirs. After some delay, the debtors were assured by both that they were. The debtors then spent the money, some of which went to the payment of priority debt and other obligations scheduled.

After his appointment, the Chapter 7 trustee learned of the disbursement of funds to the debtors, concluded that they were part of the Chapter 7 estate, made demand on the debtors for their return, and then commenced this adversary proceeding seeking a turn-over and/or a revocation of the discharge. The Chapter 7 trustee has now moved for summary judgment.

The precise issue before the Court is whether the funds returned to the debtors were part of the Chapter 7 estate.

## DISCUSSION

■ Section 541(a) of the Code provides, in effect, that the commencement of the case creates an estate which is comprised of basically all of the debtor's property. Section 541(a)(6) includes in the estate proceeds, product or profits, but excepts earnings from services performed by an individual debtor after filing.

However, Section 1306 includes in the estate earnings after filing but before the case is closed, dismissed or converted to another Chapter. The trustee contends that the funds which the Chapter 13 trustee received from wage deductions were property of the estate when received and did not lose their character as property of the estate upon conversion. The Court disagrees.

The effect of conversion is controlled by Section 348 which provides:

§ 348. Effect of conversion

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

The cases are split on the effect of conversion on wage deductions. Those that hold that wage deductions are not part of the estate utilize two theories. The one most widely used is that, pursuant to § 348, conversion does not change the date of the commencement of the case. When a case is converted to Chapter 7, it is deemed to have commenced on the date of the Chapter 13 filing. *In re Bullock,* 41 B.R. 637 (Bankr.E.D.Pa.1984). Because § 541(a)(6) excepts from the estate earnings from personal services rendered after filing, and because the Chapter 7 case is deemed to have been commenced on the date of filing of the Chapter 13 petition, the wage deductions represent future earnings and are therefore not included in the estate. *In re de Vos,* 76 B.R. 157 (N.D.Cal. 1987), and *In re Bullock, supra,* at 640. Section 1306 is rendered inapplicable by the conversion and as a result, § 541 is the sole statute for defining the Chapter 7 estate. *In re Lepper,* 58 B.R. 896 (Bankr.D.Md. 1986).

The second theory is that § 541 applies only to that property in which the debtor has an interest as of the commencement of the case. Since debtors cannot hold an interest in as yet unearned wages, they are not included in the estate. *In re Peters,* 44 B.R. 68 (Bankr.M.D.Tenn.1986), and *In re Lepper, supra.*

This Court finds the first theory more pursuasive and adopts it.

■ The trustee has cited several cases which reach a contrary result, concluding that property of the estate is determined at the date of conversion, and therefore wage deductions are included. *In re Winchester,* 46 B.R. 492 (9th Cir. BAP 1984), *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir. 1982), *In re Lindberg,* 735 F.2d 1087 (8th Cir.1984) cert. denied 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984). A single factor distinguishes these cases from the one before the Court. In *Winchester, Resendez v. Lindquist,* and *Lindberg,* there was a confirmed Chapter 13 plan. When a plan is confirmed, pursuant to Section 1327, property of the estate, including wage deductions, revests in the debtor and credi-

tors have an interest in being paid under the confirmed plan. When the case is later converted, the deductions in the possession of the trustee or debtor become part of the estate [1]. In the present case, a plan was never confirmed. Therefore the rationale is inapplicable.

The trustee also cites *In re Nash,* 765 F.2d 1410 (9th Cir.1985). In *Nash,* a plan was confirmed, and thereafter the debtors dismissed the case. After the dismissal, the Chapter 13 trustee received wage deductions which he distributed to creditors. The debtors then brought an action against the trustee to recover the deductions which they contended had been wrongfully distributed. The Ninth Circuit held that the dismissal vacated the confirmed plan at which time the property (deductions) revested in the debtors and that the trustee was liable for improper distribution of funds which were never part of the estate. In this case, we are not dealing with a confirmed plan nor a dismissal.

## CONCLUSION

The Court concludes as follows:

1. Upon the conversion of a Chapter 13 case, in which a plan has not been confirmed, to a case under Chapter 7, the date for determining property of the estate is the date of the filing of the Chapter 13 petition.

2. Section 541(a)(6) excepts future earnings from the Chapter 7 estate. Therefore, the wage deductions received but not distributed by the Chapter 13 trustee did not become part of the Chapter 7 estate.

In view of the Court's ruling, it is unnecessary to rule on whether the debtors might properly claim the funds as exempt.

An order denying the trustee's motion and dismissing this case will be entered.

This opinion shall serve as the Court's Conclusions of Law.

---

**1.** For a thorough analysis and criticism of the above cited cases, see *In re Lennon,* 65 B.R. 130 (Bank.N.D.Ga.1986). The *Lennon* court concluded that these decisions were based on policy arguments rather than statutory construction. *Lennon* at 133.