In the Matter of Richard A. ERCHEN-BRECHER, Theresa Rose Erchenbrecher, Debtors.

Douglas L. THRUSH, Trustee, Plaintiff,

v.

Richard A. ERCHENBRECHER, Theresa Rose Erchenbrecher, Defendants.

Bankruptcy No. 684–01370.
Adv. No. 687–0240.

United States Bankruptcy Court,
N.D. Ohio.

March 17, 1988.

Douglas L. Thrush, Thrush, Thompson, Wolfe, O'Donnell & Filthian Co., L.P.A., Mansfield, Ohio, for trustee.

Thomas J. Budd II, Ashland, Ohio, for debtors.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presently before the court is a complaint filed by Douglas L. Thrush, Trustee, objecting to the discharge of Richard A. Erchenbrecher and Theresa Rose Erchenbrecher (Debtors). Debtors filed an answer denying the essential allegations of the complaint. A pre-trial conference was held whereat the parties agreed that the issue in dispute would be submitted to the court upon briefs.

## FACTS

The relevant facts are few and may be concisely stated. The debtors filed for relief under Chapter 13 of Title 11 of the United States Code on December 12, 1984. They converted their case to administration under Chapter 7 of Title 11 on February 6, 1987. Subsequent to the date of conversion, the debtors received tax refunds totaling $1,824.00 for the year 1986. The Trustee also asserts ownership of moneys in their checking account, shown in their petition as being in the amount of $340.00. The debtors deny any indebtedness to the Trustee and agree the issue to be determined is whether the date used to determine assets of the bankruptcy estate is the date of filing of the Chapter 13 case or the conversion of that case to Chapter 7 bankruptcy administration.

## DISCUSSION

Property of the estate is determined as of the date of the commencement of the case. 11 U.S.C. § 541(a). In addition to the property set forth in Section 541, Section 1306(a) provides that after-acquired property and earnings of the debtor are also property of the estate.[1]

The issue that has eluded a definitive answer is the status of after-acquired property upon conversion. Courts have split as to which date, the initial filing or the conversion, is the proper date to determine the property of the Chapter 7 estate. Upon review of the prior decisions, this court adopts the view that the initial petition date and not the date of conversion is the proper date to determine the property of the estate.

The starting point for the court's analysis is 11 U.S.C. § 348 which provides:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1301(a), 1305(a), 1201(a), 1221 and 1228(a), of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1307, or 1208 of this title means the conversion of such case in such chapter.

(c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, 1307, or 1208 of this title, as if the conversion order were the order for relief.

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as

---

1. 11 U.S.C. § 1306(a) provides:
Property of the estate includes, in addition to the property specified in section 541 of this title—
(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12 of this tile whichever occurs first; and
(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

if such claim had arisen immediately before the date of the filing of the petition. (e) Conversion of a case under section 706, 1112, 1307, or 1208 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.

Subsections (b) and (c) of Section 348, which are the exceptions to the general rule stated in subsection (a), provide that under certain sections of the Code, which are not applicable here, the date of conversion shall be deemed the date of the order for relief rather than the date the petition was originally filed. Conversely, the general rule of Section 348(a) provides that the order for relief and the commencement of the case do not change when a case is converted and the conversion relates back to the initial bankruptcy filing.

Thus by the clear language of Section 348(a), the conversion relates back to the initial filing of the bankruptcy petition i.e., the commencement of the case, which, as provided in Section 541(a), is the date the property of the estate is determined.

As for the effect of Section 1306(a), this provision does not change the date of commencement or the impact of Section 541(a). The only effect Section 1306(a) has is to add a specific category of property to be included in a Chapter 13 estate. But upon the conversion of a Chapter 13 case to one under Chapter 7, Section 348(a) provides that the case is deemed commenced as if it were a Chapter 7 proceeding at the outset and consequently, the Chapter 13 estate, as defined by Section 1306, is deemed never to have existed. *In re Bullock*, 41 B.R. 637 (Bankr.E.D.Pa.1984); *In re Lepper*, 58 B.R. 896 (Bankr.D.Md.1986).

The arguments utilized by other courts to reach a contrary position have usually centered on the provisions of Section 348(d). *In re Stinson*, 27 B.R. 18 (Bankr. Ore.1982); *In re Tracy*, 28 B.R. 189 (Bankr.D.Me.1983). These courts express a concern that if Section 348(a) is construed as this court suggests is appropriate, a debtor who files a Chapter 13 case and later converts it would be entitled to all after-acquired property although claims arising between the initial filing and a conversion would generally be dischargeable as unsecured claims. If, instead, the debtor had initially filed a Chapter 7 petition, the debts subsequently incurred would not be dischargeable.

The court feels this concern is outweighed by the exception in Section 348(d), the clear language of Section 348(a) and the general policy to encourage Chapter 13 proceedings.

The concerns of bankruptcy abuse expressed by other courts are lessened by the Section 503(b) exception in Section 348(d), *supra*, pg. 4, which accords priority treatment for administrative claims. Claims arising between the initial petition and the conversion quite likely are entitled to administrative treatment. Also, the provisions of Section 707(b) provide additional protection in that the court may dismiss a case if there is substantial abuse.[2] Moreover, the clear language of Section 348(a) should not be ignored to remedy what is perceived as a possible abuse.

Finally, the provisions in the Bankruptcy Code and the expressions of Congressional policy clearly encourage debtors to file Chapter 13 petitions. *See*, H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. To penalize a debtor who falls short of completing his plan is contrary to the purpose and intent of Chapter 13. *In re Lepper, supra.*

Accordingly, the court finds that the initial date of filing the Chapter 13 petition, and not the date the case is converted to a Chapter 7 proceeding, is the proper date on

2. 11 U.S.C. § 707(b) provides:
     After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

which to determine what constitutes property of the estate.

An order in accordance herewith shall issue.

## ORDER

For the reasons set forth in the accompanying Memorandum of Decision, the court finds the complaint objecting to discharge filed by the plaintiff, Douglas L. Thrush, Trustee, against the defendants, Richard A. Erchenbrecher and Theresa Rose Erchenbrecher, not to be well taken.

IT IS THEREFORE ORDERED that the complaint of the plaintiff, Douglas L. Thrush, Trustee, against the defendants, Richard A. Erchenbrecher and Theresa Rose Erchenbrecher, be, and the same hereby is, DISMISSED.

IT IS FURTHER ORDERED that each party shall bear his or their own costs in conjunction with this action.