IN re Rubin HUDSON, Debtor.

Rubin HUDSON, Movant,

v.

LOWE'S OF MISSISSIPPI, d/b/a Lowe's of Greenwood, Respondent.

Bankruptcy No. 86–01172–BKC–GSE.

United States Bankruptcy Court, N.D. Mississippi.

Jan. 19, 1989.

Solomon Osborne, Greenwood, Miss., for Rubin Hudson.

Linda W. Tate and Luke J. Schissel, Greenwood, Miss., for Lowe's of Mississippi.

MEMORANDUM OPINION AND ORDER

DAVID W. HOUSTON, III, Bankruptcy Judge.

Came on for consideration the motion filed by the above captioned debtor to avoid a judicial lien; response to said motion having been filed by the respondent, Lowe's of Mississippi, d/b/a Lowe's of Greenwood, hereinafter referred to as Lowe's or respondent; both parties being represented before the Court by their respective attorneys of record; and the Court having heard and considered same, hereby finds, orders and adjudicates as follows, to-wit:

I.

This Court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (K), and (O).

II.

The debtor has filed his motion to avoid a judicial lien which allegedly impairs an exemption to which he is entitled to claim under § 85–3–1(1)(a), Mississippi Code An-

notated. The motion seeks the avoidance of the lien pursuant to 11 U.S.C. § 522(f)(1) which reads as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) [11 U.S.C. § 522(b)] of this section, if such lien is—
>
> (1) a judicial lien; ....

The exemption, to which the debtor claims that he is entitled and which is allegedly impaired by the judicial lien, relates to a portion of the proceeds derived from the sale of a parcel of real property sold by the debtor on January 29, 1988, a date subsequent to the filing of this bankruptcy case. This portion of the sales proceeds, totaling $1,688.03, is also equivalent to the amount of the Lowe's judgment lien. The debtor contends that these monies are covered by the $10,000.00 personal property exemption set forth in § 85–3–1(1)(a), Mississippi Code Annotated.

### III.

A chronology of the factual events leading up to the filing of the debtor's motion is set forth hereinbelow:

A. Lowe's was awarded a judgment against the debtor in the County Court of Leflore County, Mississippi, on March 26, 1985, in the sum of $1,688.03, plus interest to accrue at the highest lawful rate, in addition to its court costs. This judgment, subsequent to its enrollment, constituted a lien on the non-exempt real and tangible personal property owned by the debtor prior to filing this bankruptcy case, subject, however, to other valid liens having priority.

B. On August 15, 1986, the debtor filed a voluntary bankruptcy petition, seeking relief under Chapter 13 of the Bankruptcy Code.

C. On September 4, 1986, the debtor acquired the real property which is subject to the instant proceeding as a joint tenant with full rights of survivorship with Mary Hughes, a non-debtor. This property was never claimed as the homestead of the debtor, but this factor is irrelevant to the disposition of this proceeding. In addition, the debtor never listed this property as an asset in his bankruptcy schedules.

D. On March 23, 1987, an order was entered converting the Chapter 13 case to a liquidation bankruptcy under Chapter 7 of the Bankruptcy Code, followed by the appointment of a Chapter 7 trustee.

E. On July 8, 1987, the debtor received his discharge in the Chapter 7 case, and the case was subsequently closed on August 6, 1987.

F. On January 29, 1988, the debtor and the joint tenant, Mary Hughes, conveyed the subject property for the total sales price of $24,000.00. From the sales proceeds, the sum of $1,688.03, excluding accrued interest and costs, was escrowed in the closing agent's trust account pending the outcome of the instant dispute.

G. On June 20, 1988, the debtor filed his motion to avoid the judgment lien of Lowe's, claiming an exemption in the aforementioned escrowed funds and asserting that the judgment lien impaired this exemption.

### IV.

 Although not addressed specifically by the parties to this proceeding, the real issue that requires resolution is whether the real property, acquired subsequent to the filing of the Chapter 13 bankruptcy case, becomes property of the Chapter 7 bankruptcy estate following the conversion on March 23, 1987. If the property, in fact, is not property of the Chapter 7 estate, because of the effective date of filing, the Lowe's judgment lien, which arose prepetition, would not attach to property that the debtor acquired subsequent to filing. The issue actually turns on the question of what is the effective date for determining what constitutes property of the Chapter 7 estate upon conversion from Chapter 13, i.e., the date of the original filing of the Chapter 13 case *or* the date of the order converting the Chapter 13 case to a Chapter 7 case.

In the context of this proceeding, property of the Chapter 7 estate is defined in 11 U.S.C. § 541(a)(1) which provides, in part, that:

The commencement of a case under §§ 301, 302, 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property *as of the commencement of the case.* (emphasis added).

For Chapter 13 cases, the definition of property of the estate is found in 11 U.S.C. § 1306, which provides, in part, as follows:

§ 1306 Property of the estate.

(a) Property of the estate includes, in addition to the property specified in section 541 of this title-

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first.

In essence, 11 U.S.C. § 1306(a) merely expands 11 U.S.C. § 541(a) for Chapter 13 bankruptcy cases. In the instant case, it is clear that the real property acquired by the debtor subsequent to filing the Chapter 13 bankruptcy case, but prior to conversion, became property of the Chapter 13 bankruptcy estate. However, once the case was converted, does this same property become property of the Chapter 7 case? Hence, the relevant date for determining property of the estate becomes significant.

The effects of converting a bankruptcy case from one chapter to another are discussed in 11 U.S.C. § 348, which provides, in part, as follows:

(a) Conversion of a case from a case under one chapter of this title [11 USCS §§ 101 et seq.] to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

. . . .

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title [11 USCS § 1112, 1307 or 1208], other than a claim specified in section 503(b) of this title [11 USCS § 503(b) ], shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

(e) Conversion of a case under section 706, 1112, 1307, or 1208 of this title [11 USCS § 706, 1112, 1307, or 1208] terminates the service of any trustee or examiner that is serving in the case before such conversion.

The relevant date dilemma has been addressed in numerous bankruptcy cases, notably in *In re Peters*, 44 B.R. 68 (Bankr.M. D.Tenn.1984), where the debtors claimed that they were entitled to exempt certain undistributed funds paid to the Chapter 13 trustee, in furtherance of their confirmed Chapter 13 plan, following the conversion of their case to Chapter 7. The Chapter 7 trustee objected to the debtors' claim, but the Court held that the payroll deductions, paid into the bankruptcy estate subsequent to the commencement of the Chapter 13 case, did not become property of the Chapter 7 estate upon conversion since the appropriate date for determining what properties would be included in the Chapter 7 estate was the date of the filing of the original Chapter 13 petition, not the date of conversion. The following language extracted from the *Peters* opinion is informative:

Conversion from one Chapter of the Bankruptcy Code to another is described in 11 U.S.C. § 348 (West 1979). This section describes the general procedural effect of a conversion on the commence-

ment of a case in subsection (a) with the exceptions to this general rule listed in the subsequent subsections. Subsection (a) provides that the conversion of a case does not change the date of either the filing of the petition or the commencement of the case. Subsections (b) and (c) provide a list of Code sections in which the date of conversion is treated as the date of the order for relief, instead of the date of the filing of the petition. Subsection (d) provides that any claims other than 503(b) claims which arise during the pendency of the Chapter 13 case but before conversion to Chapter 7 shall be treated as if such claim had arisen immediately before the date of the filing of the petition.

According to 11 U.S.C. § 541 (West 1979), the property of an estate is determined as of the date of the commencement of the case. Under the general rule of § 348(a), the date of the filing of a Chapter 13 petition is treated as the date of the "commencement" of the converted Chapter 7 case. Since no exception is found within § 348 relating to a determination of property of the estate, this general rule must apply. *In re Bullock*, 41 B.R. 637, CCH § 69,973, at 85,568 (Bankr.E.D.Pa.1984); *Oliphant v. Amarillo Pantex Federal Credit Union*, 40 B.R. 577 (Bankr.N.D.Tex.1984); *Hannan v. Kirschenbaum*, 24 B.R. 691 (Bankr.E.D.N.Y.1982). Therefore, once a case has been converted from a Chapter 13 case to a Chapter 7 case, the court must look to the date of the filing of the Chapter 13 case to identify under § 541 property of the Chapter 7 estate.

The funds in question in this case were payroll deductions paid into the estate after the commencement of the Chapter 13 case. Under 11 U.S.C. § 541, the property of the Chapter 7 estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." Since the debtor did not acquire any interest in the undistributed wages until after the commencement of his case, these funds are not property of the Chapter 7 estate.

The proposition that undistributed wages held by a Chapter 13 trustee do not become property of the Chapter 7 estate on conversion is not only supported by the structure of the Bankruptcy Code but accords with congressional policy. Chapter 13 of the Bankruptcy Code was intended to "... encourage[s] more debtors to repay their debts over an extended period rather than to opt for straight bankruptcy liquidation and discharge." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 5 (1977), U.S.Code Cong. & Admin. News 1978, 5787, 5966. *In re Peters*, 44 B.R. at 70.

Another case dealing with this issue is *In re Lepper*, 58 B.R. 896 (Bankr.D.Md.1986), where the Chapter 7 trustee sought an order directing the debtors to turn over certain property allegedly belonging to the Chapter 7 estate. There the Court held that accounts receivable, received by the debtor following commencement of the Chapter 13 case, but prior to conversion to Chapter 7, were not included in the Chapter 7 estate, because the debtors had no interest in the accounts receivable as of the date that the original Chapter 13 petition was filed. The following quotation is insightful:

This court therefore reiterates its holding in the case at bar that the date of filing the Chapter 13 petition is the relevant date for determining what constitutes property of the Chapter 7 estate upon conversion. If a debtor is unhappy with this result, that debtor has the opportunity to dismiss the case and file a second petition subject to the limitations of § 109(f), a part of the 1984 Amendments to the Bankruptcy Code. It therefore appears that the only parties hurt by this result are those granting debtors credit after the filing of the Chapter 13 petition and before conversion. Under § 348(d) they are treated as if their claim had arisen prior to the filing of the petition. Considering the 1984 amendments to Title 11, and particularly new §§ 1325(b)(1) and 1329(a) (preamble), it seems unlikely that Congress considered that there would be many such creditors since the trustee or any unsecured credi-

tor holding a prepetition claim can object to confirmation if the plan dedicates less than all of the debtor's projected disposable income, which veto-power effectively precludes payments outside the plan to post-petition creditors. Furthermore, those abusive debtors described in [In re] *Stinson, supra,* [27 B.R. 18 (Bankr.D.Or. 1982)] are now subject to the 1984 "watchdog" provision of § 707(b).

*In re Lepper,* 58 B.R. at 902.

In addition to the *Peters* and *Lepper* decisions, the following cases have held that the relevant date for determining property of the converted Chapter 7 estate is actually the date of the filing of the initial Chapter 13 petition, to-wit:

*In re Gorski,* 85 B.R. 155 (Bankr.M:D. Fla.1988)

*In re Erchenbrecher,* 85 B.R. 42 (Bankr. N.D.Ohio 1988)

*In re Waugh,* 82 B.R. 394 (Bankr.W.D. Penn.1988)

*In re Swift,* 81 B.R. 621 (Bankr.W.D. Wash.1987)

*In re Marshall,* 79 B.R. 147 (Bankr.N.D. N.Y.1987)

*In re Rutenbeck,* 78 B.R. 912 (Bankr.E. D.Wis.1987)

*In re deVos,* 76 B.R. 157 (D.C.N.D.Calif. 1987)

*In re Luna,* 73 B.R. 999 (D.C.N.D.Ill. 1987)

As a result of the persuasive line of authorities, noted hereinabove, this Court accepts the proposition that the date of the filing of the debtor's Chapter 13 bankruptcy case, August 15, 1986, is the determinative date as to what properties would actually be included within property of the estate after it was converted to Chapter 7 on March 23, 1987. Since the debtor owned no interest in the subject real property on August 15, 1986, it should not be considered as property of the converted Chapter 7 bankruptcy case. This property will be considered as if it were acquired subsequent to the filing of the bankruptcy case in a Chapter 7 context. Since it is, by law, after acquired property, it would not be subject to the judicial lien held by Lowe's. Additionally, because the Lowe's judgment cannot attach to the debtor's interest in the sales proceeds from the subject property, it cannot impair an exemption in these funds should the debtor be entitled to same. Therefore, the debtor's motion to avoid the judgment lien pursuant to 11 U.S.C. § 522(f)(1) is no longer well founded and must be dismissed. For purposes of this proceeding, it is immaterial whether the debtor can claim an exemption in his portion of the sales proceeds or not. Although the judgment lien cannot be avoided, it cannot attach to the proceeds of property acquired and sold subsequent to the effective date of the filing of the Chapter 7 bankruptcy case. The balance of the sales proceeds, being held in escrow, may be distributed to the debtor and/or Mary Hughes as their respective interest may appear.

Consistent with the provisions of this memorandum opinion, it is hereby ordered and adjudged as follows, to-wit:

1. The debtor's interest in the sales proceeds, realized from the sale of the real property acquired by the debtor and Mary Hughes, as joint tenants, subsequent to the filing of the Chapter 13 bankruptcy case, but prior to the conversion of the case to Chapter 7, is not property of the Chapter 7 bankruptcy estate and is, therefore, not subject to the prepetition judgment lien of Lowe's.

2. Because the judgment lien held by Lowe's cannot attach to the debtor's interest in the aforesaid sales proceeds, the judicial lien cannot impair an exemption to which the debtor is entitled, and, therefore, the debtor's motion to avoid the said lien pursuant to 11 U.S.C. § 522(f)(1), is not well taken and is hereby dismissed.

3. That portion of the sales proceeds, currently being held in escrow, may be released by the escrow agent to the debtor and/or Mary Hughes, as their respective interests may appear, free and clear of the lien of the Lowe's judgment.

ORDERED and ADJUDGED.