**In re James Allen "Jim" TUCKER, Priscilla Mae "Cilla" Tucker, Debtors.**

**James A. TUCKER, Priscilla Mae Tucker, Plaintiffs,**

**v.**

**G. Ray HENDREN, Trustee and Kimberly Lemons Allen, Trustee.**

**Bankruptcy No. 89–11817FM. Adv. No. 91–1086FM.**

United States Bankruptcy Court, W.D. Texas, Austin Division.

Sept. 5, 1991.

Lisa C. Fancher, Ford & Ferraro, Austin, Tex., for debtor.

Kimberly Lemons Allen, trustee, San Antonio, Tex.

Ray Hendren, trustee, Austin, Tex.

MEMORANDUM OPINION ON (1) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF AUTHORITIES; AND (2) MOTION BY KIMBERLY L. ALLEN, TRUSTEE, FOR SUMMARY JUDGMENT

FRANK R. MONROE, Bankruptcy Judge.

On August 6, 1991, the Court heard concurrently the Plaintiffs' Motion for Summary Judgment and Incorporated Memo-

randum of Authorities ("Plaintiffs's Motion") filed June 24, 1991, and the Motion by Kimberly L. Allen, Trustee, for Summary Judgment ("Trustee's Motion") filed July 19, 1991, in the above-referenced bankruptcy case. The Court has considered the pleadings of the parties, the facts established by summary judgment evidence, the argument of counsel, the file of the case, and its own independent legal research.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference issued in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

This memorandum opinion shall constitute Findings of Fact and Conclusions of Law in conformity with Bankruptcy Rule 7052.

### Findings of Fact

1. The Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on June 21, 1989.

2. On May 18, 1990, prior to confirmation of a Chapter 13 plan, the Debtors filed a Notice of Conversion of Chapter 13 Case to Chapter 7.

3. The Debtors made payments to the Chapter 13 Trustee prior to conversion. There remained in the possession of the Chapter 13 Trustee the sum of $5400.00 as of the date this case was converted. After conversion the Debtors made payments to the Chapter 13 Trustee in the sum of $991.75 which also remain in the possession of the Chapter 13 Trustee. The total sum currently held by the Chapter 13 Trustee is $6,391.75.

### Issue

1. Are the funds held by the Chapter 13 Trustee property of the Chapter 7 bankruptcy estate or property belonging to the Debtors?

### Conclusions of Law

■ Clearly, under § 541(a)(6) the post-conversion payments from earnings by the Debtors to the Chapter 13 Trustee are not property of the estate. Those monies in the amount of $991.75 should be repaid to the Debtors.

■ The fate of the remainder of the money in the sum of $5,400.00 rests largely upon the effect of the conversion under § 348.

■ Conversion from one chapter to another,

"... constitutes an order for relief under the chapter to which the case is converted, but, ..., does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."

11 U.S.C. § 348(a). This means that upon conversion, a case should be treated as having been filed under the chapter to which it is converted. Thus, after conversion, only the provisions of the Code which apply in that particular chapter should be used to determine the outcome. The Bankruptcy Code also provides that "Chapter 13 of this title applies only in a case under such chapter." 11 U.S.C. § 103(h). See, *In re Figgers*, 121 B.R. 772, 775 (Bankr. S.D.Ohio 1990); *In re Lepper*, 58 B.R. 896, 898 (Bankr.Md.1986). Consequently, since this estate has been converted to Chapter 7, § 1306 does not apply to, or have any effect upon, determining what is property of this estate. Property of this estate must, therefore, be determined only under 11 U.S.C. § 541 as of the date of filing the *original* petition. *In re de Vos*, 76 B.R. 157, 159 (D.C.N.D.Cal.1987); *Matter of Erchenbrecher*, 85 B.R. 42, 44–45 (Bankr.N.D. Ohio 1988). See also, *In re Hudson*, 103 B.R. 781, 785 (Bankr.N.D.Miss.1989).

Section 541 defines property of the estate as,

"... all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. § 541(a)(1). However, "earnings from services performed by an individual debtor after the commencement of the case" are specifically excluded from the definition of property of the estate under the statute. 11 U.S.C. § 541(a)(6).

Here, the funds paid to the Chapter 13 Trustee prior to conversion of the case

came from their post-petition earnings. As such, they are not property of this Chapter 7 estate. *Figgers*, 121 B.R. at 775; *In re Luna*, 73 B.R. 999, 1003 (N.D.Ill.1987); *In re Swift*, 81 B.R. 621, 622 (Bankr. W.D.Wash.1987); *de Vos*, 76 B.R. at 159; *In re Lennon*, 65 B.R. 130, 134 (Bankr. N.D.Ga.1986); *Lepper*, 58 B.R. at 897; *In re Peters*, 44 B.R. 68, 70 (Bankr.M.D.Tenn. 1984).

This case did not involve a confirmed plan prior to conversion. Therefore, those cases involving the same, in which there is a split of authority concerning the point at which creditors' rights to payment vest, e.g. at collection by the Trustee or upon distribution of payments made into a plan, have no bearing on the case at hand. The Court does not need to reach that issue as no Chapter 13 plan was ever confirmed in this case.

While § 1326(a)(2) technically can be read not to apply to a case converted to Chapter 7 by virtue of § 103(h), it should not be ignored as the statute evidences Congress' intent with regard to the disposition of plan payments when no plan is confirmed and is consistent with the interplay of § 348(a) and § 541(a)(6). Under § 1326(a)(2) the Debtors could have obtained their plan payments at any time prior to conversion since no plan was confirmed. No statutory reason exists why the result should be any different when the demand for return of the plan payments is made after conversion to Chapter 7. The following interpretation of Congressional intent is instructive of this:

> "The 1984 Amendment to Section 1326 added a new subsection (a) which requires debtor payments pursuant to the proposed plan and for disposition of such payments. If a plan is confirmed, the payments are to be disbursed to creditors. If no plan is confirmed, the payments are to be returned to the debtor. The addition of these provisions indicates a congressional intent to require debtor's commencement of plan payments at an early date and early disbursement to creditors if a plan is confirmed. There is an equally clear intent to preserve for the debtor post-filing earnings if no plan

is confirmed by returning such payments to the debtor. The mandate of a return of such payments to debtor is particularly instructive since Section 1306 specifically includes post-filing earnings as property of the Chapter 13 estate. This illustrates that unless a plan is confirmed, future earnings were intended to remain the property of the debtor. *It further evidences the importance attached to and special treatment accorded a debtor's future earnings in the bankruptcy setting. The provision is consistent with and lends further support to the Section 541(a)(6) exclusion of post-filing earnings from the Chapter 7 estate, upon conversion.*" (Emphasis added).

*Lennon*, 65 B.R. at 137. The result demanded in this case is that the plan payments paid pre-conversion be returned to the Debtors.

### CONCLUSION

Earnings paid by Chapter 13 debtors to the Chapter 13 Trustee prior to confirmation of a plan are not property of the Chapter 7 estate upon conversion. Such funds are property of the Debtors and should be returned to them with accrued interest, if any has accrued thereon while in the hands of the Chapter 13 Trustee.

For the foregoing reasons the Plaintiffs' Motion for Summary Judgment and Incorporated Memorandum of Authorities will be granted and the Motion by Kimberly L. Allen, Trustee, for Summary Judgment will be denied. A separate Order of even date herewith will be entered.