**In re Hal BARTLETT, d/b/a H.T. Bartlett Builders, Debtor.**

**Bankruptcy No. 90–52940.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

April 13, 1992.

John Patrick Lowe, Trustee, Uvalde, TX.

Lawrence Alan Beck, Beck & Beck and Morris Joseph Kirschberg, San Antonio, TX, for debtor.

## DECISION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the Objection of the Chapter 7 Trustee to Debtor's Claim of Exempt Property. Upon consideration thereof, the court finds and concludes that the objection should be denied. The following decision constitutes the court's findings of fact and conclusions of law.

### JURISDICTION

This court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and may enter a final order with respect thereto pursuant to 28 U.S.C. § 157(c)(2). This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

### FACTUAL AND PROCEDURAL HISTORY

Hal Bartlett, d/b/a H.T. Bartlett Builders ("Debtor") filed a Chapter 13 case in September 1990. Debtor's plan was confirmed in January 1991. In April 1991, Debtor acquired the property made the basis of this objection, located at 1735 W. Summit, in San Antonio ("the Property"). In June 1991, confirmation of Debtor's plan was revoked, and the case was converted to Chapter 7. Immediately thereafter, Debtor unsuccessfully attempted to have the case dismissed; upon the objections of several creditors, the court ordered the case continued under Chapter 7.

The trustee has objected to the debtor's claiming the house at 1735 W. Summit as his exempt homestead, arguing that the property was not the debtor's homestead on the date of the commencement of the case, the relevant date for determining the debtor's exemptions. In addition, the trustee maintains that the debtor should

not be able to use estate property (i.e., his post-petition income generated during the pendency of the Chapter 13 case) to acquire exempt property.

The debtor counters that the date of commencement of the case determines what is property of the estate, so that any property acquired after that date is not even property of the estate, so that exemption would not even be necessary. If it is, he says that, if the property would qualify for exemption as of the date of commencement, it should be allowed as exempt, even if he did not own the property on the date of commencement of the case.

## ANALYSIS

Can a debtor who has converted from Chapter 13 to Chapter 7 claim as exempt a parcel of property acquired post-petition and post-confirmation, but pre-conversion? Proper evaluation of such a claim requires an examination into the status of the property with respect to the estate, the effect of conversion on that status, and the ability of the debtor to claim exemptions under these facts.

### a. Property of the Estate

"Property of the estate" encompasses all legal and equitable interests of the Debtor as of "the commencement of the case." 11 U.S.C. § 541(a)(1). In a liquidation case under Chapter 7, a debtor's post-petition earnings would not be property of the estate. 11 U.S.C. § 541(a)(6). In a case under Chapter 13, however, post-petition wages earned by the debtor after the commencement of the case and before the case is closed, dismissed, or converted are considered to be property of the estate. 11 U.S.C. § 1306(a)(1) (post-petition earnings are property of estate). Property acquired by the estate during the pendency of the case is also considered property of the estate. *See* 11 U.S.C. §§ 541(a)(7); 1306(a)(2); *see also In re Herberman*, 122 B.R. 273, 278 (Bankr.W.D.Tex.1991).

In the case at bar, the filing of Debtor's petition in September 1990 created an estate under § 541(a). Although the wages used to purchase the property in question would be exempt property in a chapter 7 case under § 541(a)(6), the property became property of the Chapter 13 estate upon acquisition[1] pursuant to §§ 541(a)(7) and 1306(a)(2), and so was property of the estate just prior to conversion. Is it now property of the Chapter 7 estate, or should it be returned to the debtor because, viewed from the date of commencement, it would not have come into a Chapter 7 estate?

### b. Conversion to Chapter 7

■ There is a split of authority regarding the effect of conversion to Chapter 7 on the property of the estate. *Compare In re Tucker*, 133 B.R. 819 (Bankr.W.D.Tex.1991) (property of the estate determined as of commencement of case); *In re Figgers*, 121 B.R. 772, 775 (Bankr.S.D.Ohio 1990); *In re Lepper*, 58 B.R. 896, 898 (Bankr.D.Md. 1986) *with In re Lybrook*, 951 F.2d 136, 138 (7th Cir.1991); *In re Lindberg*, 735 F.2d 1087, 1089–90 (8th Cir.1984); *Resendez v. Lindquist*, 691 F.2d 397, 399 (8th Cir.1982) (property of estate determined as of date of conversion). Much of the confusion surrounds the effect of § 348(a) on the determination of what constitutes property of the estate upon conversion. Section 348(a) provides in pertinent part:

(a) Conversion of a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a).

Several courts, relying on the language of the statute, have held that a converted case should be treated as though it had been originally filed under the chapter to which it has been converted, so that property of the estate is determined as of the original filing date. *See Tucker*, 133 B.R.

---

1. In this district, the order of confirmation does not revest the property of the estate in the debtor. *See* 11 U.S.C. § 1327(b). Thus, property acquired using estate property (such as earnings) is also estate property in this district.

at 820 (citing numerous cases). Under this "relation-back" theory, property which constituted property of the Chapter 13 estate only by virtue of the operation of § 1306(a) would not pass into the Chapter 7 estate, because that section does not apply in Chapter 7 cases. *Tucker*, 133 B.R. at 820; *see also In re Figgers*, 121 B.R. 772, 775 (Bankr.S.D.Ohio 1990); *In re Lepper*, 58 B.R. 896, 898 (Bankr.D.Md.1986); *see also In re Hudson*, 103 B.R. 781, 785 (Bankr. N.D.Miss.1989); *Matter of Erchenbrecher*, 85 B.R. 42, 44–45 (Bankr.N.D.Ohio 1988); *In re de Vos*, 76 B.R. 157, 159 (N.D.Cal. 1987). Most of these "relation-back" cases involve the post-conversion disposition of a Chapter 13 debtor's post-petition earnings, which only came into the estate by virtue of § 1306(a)(1), and would not come into a Chapter 7 case under § 541(a)(6). *Tucker*, 133 B.R. at 819 (involving post-petition payments to Chapter 13 trustee); *see also de Vos*, 76 B.R. at 158 (same); *In re Swift*, 81 B.R. 621 (Bankr.W.D.Wash.1987) (same); *In re Lennon*, 65 B.R. 130 (Bankr.N.D.Ga. 1986) (same); *In re Lepper*, 58 B.R. 896 (Bankr.D.Md.1986) (accounts receivable, which represented debtor's post-petition earnings); *In re Peters*, 44 B.R. 68 (Bankr. M.D.Tenn.1984) (post-petition payroll deductions).[2]

The instant case does not involve post-petition earnings, however. It involves property *acquired by the estate* post-petition, i.e. property which would have come into the estate anyway had the case been originally filed under Chapter 7, as property acquired with estate property. *See* 11 U.S.C. § 541(a)(7). As a result, the property at issue would be property of the estate, even under the relation-back theory. For this reason alone, this case is distinguishable from *Tucker* on its facts.

A number of circuit courts (including a very recent Seventh Circuit decision) have rejected the relation-back theory altogether, favoring instead the date of conversion as determinative for assessing what is property of the estate in the converted case. *In re Lybrook*, 951 F.2d 136, 138 (7th Cir.1991); *In re Lindberg*, 735 F.2d 1087, 1089–90 (8th Cir.1984); *Resendez v. Lindquist*, 691 F.2d 397, 399 (8th Cir.1982). In *In re Lybrook*, the Chapter 13 debtors received an inheritance that would not have been property of the estate if the case had been filed under Chapter 7; debtors converted to Chapter 7 and argued that the inheritance did not become property of the Chapter 7 estate, relying on § 348(a). *Lybrook*, 951 F.2d at 137. The bankruptcy judge rejected this theory, on the grounds that any Chapter 13 debtor who received a windfall of any sort could simply convert to Chapter 7 and deprive the Chapter 13 creditors of the benefit of the funds. *See id.* On appeal, the Seventh Circuit agreed with the bankruptcy court, suggesting that an equally good reading of § 348(a) is that it simply continues the case for administrative convenience. Judge Posner, writing for the court, acknowledged that the debtors' approach was a possible reading of § 348,

> but an equally good alternative from a purely semantic perspective is that conversion from Chapter 13 to Chapter 7 does not affect the bankrupt estate but merely assures the continuity of the case for purposes of filing fees, preferences, statutes of limitations, and so forth.

*Id.* The court also rejected the debtors' policy arguments in support of their interpretation of § 348(a), noting that allowing debtors to withdraw from the chapter 7 estate what was otherwise property of the chapter 13 estate only encourages chapter 13 debtors to convert to chapter 7.[3] With

---

**2.** In particular, many of these cases struggle with whether funds on account with the Chapter 13 trustee upon conversion revert to the debtor or should be turned over to the Chapter 7 trustee. The *Lennon* decision, in particular, carefully analyzes the problem, concluding that, if the conversion occurs post-confirmation, creditor interests have become sufficiently vested in those funds to make their interests superior to those of the debtor, warranting their turnover to

the chapter 7 estate. *Lennon*, 65 B.R. at 136–38 (Cotton, B.J.).

**3.** Judge Posner writes:
> We are more impressed by the bankruptcy judge's observation that a rule of once in, always in, is necessary to discourage strategic, opportunistic behavior that hurts creditors without advancing any legitimate interests of debtors. A debtor who lacks confidence that

§ 348(a) thus removed from the analysis, the court concluded that the estate passed into Chapter 7 as it existed on the date of conversion. *Id.*

This court agrees with *Lybrook* that the date of conversion should control the definition of property of the estate for the converted case (at least in a conversion from Chapter 13 to Chapter 7).[4] The instant case involves property that would have come into the estate under either Chapter 13 or Chapter 7 anyway, but the reasoning of the circuit courts that have addressed the issue is also persuasive. The effect of the relation-back theory is to ignore all that has transpired prior to conversion; the potential for abuse described in *Lybrook* is enhanced when debtors are allowed to repudiate actions taken while under Chapter 13 by simply converting to Chapter 7. 11 U.S.C. § 1307. For these reasons, the court will look to the date of conversion in determining what is property of the estate.

The property at issue in the instant case came into the Chapter 13 estate under § 1306(a)(2); because it was property of the Chapter 13 estate at the time of conversion, it became property of the Chapter 7 estate upon conversion, under both *Lybrook* and under § 541(a)(7).

### c. Exemption

■ Debtor has claimed a homestead exemption in the property at issue. Section 522(b) of the Bankruptcy Code permits a debtor to exempt from property of the estate any property that is exempt under state or federal law applicable on the date of filing the petition. 11 U.S.C. § 522(b)(2)(A); *see In re Lindberg*, 735 F.2d 1087, 1089 (8th Cir.1984). All parties agree that the applicable law as of the date of filing permitted exemption of this property.

In *Lindberg*, the Eighth Circuit concluded that, when a chapter 13 case is converted to chapter 7, the relevant date for filing exemptions is date of conversion. *In re Lindberg*, 735 F.2d at 1088–91. The *Lindberg* court pointed to several compelling policies served by this rule. *Id.* Initially, the court rejected the relation-back theory as applied to exemptions, because a Chapter 13 debtor is not compelled to and usually does not file a list of exemptions at the inception of the case, while a Chapter 7 debtor is required to file such a list. *Id.* at 1089. The court observed that a Chapter 13 debtor has no incentive to file exemptions, since the debtor retains all the property, while in a Chapter 7 case, the debtor must list as exempt that property that he wishes to keep (because all the property of the estate will be liquidated). *Id.* Treating the Chapter 13 debtor's actions as having been undertaken in a Chapter 7 case ignores the significant differences between the two chapters.

The *Lindberg* court also referenced Bankruptcy Rule 1019, which allows a debtor, who has not already done so to file exemptions as if the case had been filed on the date of conversion. *Id.* at 1090. By allowing a debtor to claim exemptions as of the date of conversion, the rule affords debtors the full use of the exemption statute; the court found that placing a restric-

---

he can actually work his way out of his financial hole by payments under a Chapter 13 plan will nevertheless have an incentive to proceed under that chapter for as long as he can, holding his creditors at bay and thus staving off the evil day when they seize his assets. For he knows that if his position deteriorates further, it is the creditors who will bear the loss, while if he should get lucky and win a lottery or a legal judgment, or inherit money (after 180 days have passed since filing of the petition), he will be able to keep his windfall by the simple expedient of converting to Chapter 7—and remember that the debtor can *convert to that chapter from Chapter 13 at will.* On the Lybrooks' interpre-

tation, Chapter 13 shifts all downside risk to the creditors and all upside potential to the debtor.

*Id.* at 137–38, disagreeing with *In re Bobroff*, 766 F.2d 797 (3rd Cir.1985); *accord Resendez v. Lindquist*, 691 F.2d 397 (8th Cir.1982); *Armstrong v. Lindberg*, 735 F.2d 1087 (8th Cir.1984).

**4.** Of course, the court does not believe that wages earned by the debtor *following* conversion are property of the estate, nor does the *Lybrook* approach suggest such a result. As for payments made to creditors during the pendency of the Chapter 13 case, these are insulated from avoidance actions by the Chapter 7 trustee by operation of § 549(a)(2)(B).

**450**

tion on the debtor's ability to exempt property would conflict with one of the main goals of the Bankruptcy Code—the debtor's fresh start. *Id.*

The Fifth Circuit discussed *Lindberg* in *In re Williamson,* 804 F.2d 1355 (5th Cir. 1986), in the context of a case converted from Chapter 11 to Chapter 7. The court distinguished *Lindberg* as a Chapter 13 conversion, but discussed the policy considerations contained therein with approval. *See Williamson,* 804 F.2d at 1359–62. The court held that the policy considerations which animated the *Lindberg* decision were considerably lessened in a conversion from Chapter 11 to Chapter 7, so that the determinative date for claiming exemptions in that case would be the original filing date. *Id.* at 1359. The court noted that the Eighth Circuit, in *Koch v. Myrvold,* 784 F.2d 862 (8th Cir.1986), also refused to apply the *Lindberg* rationale in a Chapter 11 context. *Id.* at 1360. The implication of *Williamson* is that *Lindberg* would apply in the Fifth Circuit on these facts.

The court thus adopts the date of conversion as the determinative date with respect to exemptions in a Chapter 13 to Chapter 7 conversion. All that remains is for the court to determine whether Debtor has made proper use of his exemptions.

■ Under Texas law, a debtor is entitled to claim up to one acre of property as an urban homestead. Tex.Prop.Code Ann. § 41.002 (West 1991). Section 522 of the Bankruptcy Code provides that property claimed as exempt will be exempt unless there is an objection by a party in interest. 11 U.S.C. § 522(*l*). Debtor here claims the property at issue as his homestead, property which we have determined is property of the Chapter 7 estate as of the date of conversion of the case. The property qualified as homestead property as of the date of conversion, and there has been no objection that the property would not qualify as Debtor's homestead.

## CONCLUSION

In sum, the court finds and concludes that the date for determining both property of the estate and exemptions in this case is the date of conversion. The debtor should be allowed to claim the property at issue as his homestead. Accordingly, the trustee's objection to exemptions is OVERRULED.

So ORDERED.