VICTORY, Judge.
Martha Minnieweather filed suit against Cecil Brumley and Gannett River States Publishing Corporation seeking damages for defamation. The trial court sustained defendants’ exceptions of no right of action and no cause of action. Minnieweather appeals. We reverse in part, and dismiss in part.
FACTS
On March 5,1991, Martha Minnieweather filed suit for defamation as a result of an article written by staff writer Cecil Brum-ley on July 6, 1990 and published in the Monroe News-Star World entitled “POLICE SEEKING BASTROP LAWYER.” Minnieweather alleged in her petition that the article was written in a negative and malicious manner, and portrayed her in a “false light.”
On May 9, 1990, prior to the publication of the alleged defamatory article, Minniew-eather had filed for Chapter 13 bankruptcy in U.S. Bankruptcy Court, Western District *1063 of Louisiana, Monroe Division. On July 24, 1990, Minnieweather’s bankruptcy petition was involuntarily converted to a Chapter 7 liquidation proceeding.
Defendants countered plaintiffs defamation petition with peremptory exceptions of no right of action and no cause of action, and a dilatory exception of vagueness. In these exceptions, defendants claimed the bankruptcy trustee was the proper party to bring Minnieweather’s defamation suit and that Minnieweather failed to specifically allege what portion of the newspaper article was false. The trial court sustained the exception of no right of action, finding that the trustee was the proper party to bring suit, and dismissed plaintiff’s petition with prejudice. The trial judge also sustained defendant’s exception of no cause of action, but allowed plaintiff 15 days to amend her pleadings.[1] Thereafter, Minnieweather filed this appeal.
NO RIGHT OF ACTION
The trial court sustained defendants’ exception of no right of action, in effect holding that the bankruptcy trustee was the proper party plaintiff to bring the libel action. Plaintiff argues libel is a personal right which is not transferable to a trustee in bankruptcy, thus remains the property of the debtor. According to Minnieweather, she is the proper party plaintiff to bring this action.
Prior to the 1978 Act, the Bankruptcy Code specifically excluded personal injury actions from being classified as property of a bankruptcy estate, if the action was nonassignable under state law. However, Section 541(a)(1) of the Bankruptcy Reform Act of 1978 extended the definition of property to include all assignable and nonassignable causes of action, including an action for personal injuries as assets of the bankrupt estate. The legislative history of Section 541 states:
The bill makes significant changes in what constitutes property of the es-tate_ The bill determines what is property of the estate by a simple reference to what interest in property the debtor has at the commencement of the case. This includes all interest such as ... tangible and intangible property, ... causes of action ... whether or not transferable by the debtor.”
H.R.Rep. No. 595, 95th Cong., 2d Sess. 175, 1978 U.S.Code Cong. & Admin.News pp. 5787-6136 (footnotes omitted).
Since the Bankruptcy Reform Act of 1978, it has become settled law that a personal injury claim which is nonassignable under state law is nonetheless a proper asset in a bankruptcy estate under Section 541(a)(1): In re Cottrell, 876 F.2d 540 (6th Cir.1989); Tignor v. Parkinson, 729 F.2d 977 (4th Cir.1984); Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705 (9th Cir.1986). Therefore, plaintiff’s action for defamation would have been a proper asset of her Chapter 13 bankruptcy estate.
However, Minnieweather’s Chapter 13 proceeding was converted into a Chapter 7 liquidation proceeding on July 24, 1990, after publication of the alleged defamatory article, but before suit was filed. Therefore, the issue presented is whether a cause of action, which accrues to a debtor subsequent to the filing of a Chapter 13 bankruptcy reorganization, becomes property of the Chapter 7 bankruptcy estate following involuntary conversion. If the cause of action is not property of the Chapter 7 estate, Minnieweather is the proper party plaintiff to bring the defamation action, and the exception of no right of action must fail. The issue turns on the question of what is the effective date for determining property of the Chapter 7 estate upon conversion from Chapter 13, i.e., the date of the original filing of the Chapter 13 case, or the date of the order converting the Chapter 13 case to a Chapter 7 case.
Defendants claim this question is answered by 11 U.S.C. Section 1306(a)(1) which provides in pertinent part:
*1064 “Property of the estate includes, in addition to the property specified in Section 541 of this title—
(1) All property of the kind specified in subsection that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12 of this title, whichever occurs first;
[[Image here]]
In essence, 11 U.S.C. § 1306(a) merely expands 11 U.S.C. § 541(a) for Chapter 13 bankruptcy cases. It is clear that the cause of action acquired by Minnieweather subsequent to the filing of the Chapter 13 petition, but prior to conversion, became property of the Chapter 13 bankruptcy estate. However, once the case was converted, does this same property become property of the Chapter 7 case?
The effects of converting a bankruptcy case from one chapter to another are discussed in 11 U.S.C. § 348, which provides, in part, as follows:
(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but except as provided in subsection (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief (emphasis supplied).
Under the general rule of § 348(a), the date of the filing of a Chapter 13 petition is treated as the date of the “commencement” of the converted Chapter 7 case. Since subsections (b) and (c) are inapplicable to the issue at bar, this general rule must apply. Therefore, once a case has been converted from a Chapter 13 to a Chapter 7 case, the court must look to the date of the Chapter 13 filing to identify property of the Chapter 7 estate.
Minnieweather’s cause of action, if any, for defamation arose on July 6, 1990, after the commencement of the Chapter 13 case. Under 11 U.S.C. § 541, the property of the Chapter 7 estate consists of “all legal or equitable interest of the debtor in property as of the commencement of the case.” Since Minnieweather’s cause of action did not arise until after the commencement of the bankruptcy case, the action is not property of the Chapter 7 estate.
Defendant cites Jones v. Chrysler Credit Corp., 417 So.2d 425 (La.App.1st Cir.1982), writ denied 420 So.2d 456 (La.1982), cert. denied 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966 (1983), holding that “all legal and equitable interest of the bankrupt in property vests in the trustee from the time the bankruptcy is filed.” However, in Jones, the plaintiff’s cause of action for wrongful seizure of personal property arose prior to plaintiff’s petition in bankruptcy. The court stated that “it is the trustee, not the bankrupt, who has the legal capacity to sue upon a cause of action for damages arising prior to the filing of the petition in bankruptcy.” Unlike the plaintiff in Jones, Minnieweather’s claim of injury caused by the publication on July 6, 1990 did not arise until after the Chapter 13 petition was filed.
Another case dealing with this issue is In re Lepper, 58 B.R. 896 (Bkrtcy.D.Md.1986), where the Chapter 7 trustee sought an order directing debtors to turn over certain property allegedly belonging to the estate. When the original Chapter 13 petition was filed, the debtor had no interest in the property in question. The court held that accounts receivable, received by the debtor following commencement of the Chapter 13 ease, but prior to conversion to Chapter 7, were not included in the Chapter 7 estate.
The rule of law that a cause of action arising after the commencement of the Chapter 13 bankruptcy does not become property of the Chapter 7 estate on conversion is not only supported by the structure of the Bankruptcy Code, but is in accord with congressional policy. Chapter 13 of the Bankruptcy Code was intended to "... encourage more debtors to repay their debts over an extended period rather than to opt for straight bankruptcy liquidation and discharge.” H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 5 (1977), 1978 U.S.Code Cong. & Admin.News 5787, 5966. Under Chapter 13, Congress expanded the *1065 definition of “property” to include even after acquired legal interests, in order to vest the trustee with more property to satisfy the debtor’s creditors. However, when the proceeding is converted to a Chapter 7 liquidation proceeding, the debtor is given a clean slate from the commencement of the case, the filing of the Chapter 13 petition. During Chapter 7, the debtor’s property, as of the commencement of the case only, is liquidated to satisfy his outstanding debts.
It makes sense that the Bankruptcy Code would encourage the use of debt repayment plans rather than liquidation. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 118, 1977 U.S.Code Cong. & Admin.News 5904. In In re Bobroff, 766 F.2d 797 (3d Cir.1985), the court held that tort causes of action which had accrued to a Chapter 13 debtor post-petition did not become property of the Chapter 7 estate upon subsequent conversion. The court offered the following analysis of the effect of its ruling:
If debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidated for the benefit of creditors, if chapter 13 proves unavailing, the incentive to give Chapter 13 a try — which must be voluntary — will be greatly diminished. Conversely, when chapter 13 does prove unavailing, “no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts ” In re Hannan, 24 B.R. 691, 692 (Bkrtcy.E.D.N.Y.1982).
In addition to the Lepper decision, the following cases have held that the relevant date for determining property of the converted Chapter 7 estate is actually the date of the filing of the initial Chapter 13 petition: In re Figgers, 121 B.R. 772 (Bkrtcy.S.D.Ohio 1990); In re Hudson, 103 B.R. 781 (Bkrtcy.N.D.Miss.1989); In re Gorski, 85 B.R. 155 (Bkrtcy.M.D.Fla.1988); In re Erchenbrecher, 85 B.R. 42 (Bkrtcy.N.D.Ohio 1988); In re Waugh, 82 B.R. 394 (Bkrtcy.W.D.Penn.1988); In re Swift, 81 B.R. 621 (Bkrtcy.W.D.Wash.1987); In re Marshall, 79 B.R. 147 (Bkrtcy.N.D.N.Y. 1987); In re Rutenbeck, 78 B.R. 912 (Bkrtcy.E.D.Wis.1987); In re de Vos, 76 B.R. 157 (D.C.N.D.Calif.1987); In re Luna, 73 B.R. 999 (D.C.N.D.Ill.1987). But see In re Lindberg, 735 F.2d 1087 (8th Cir.1984), cert. denied, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984); In re Kao, 52 B.R. 452 (BC Ore.1985); In re Salamone, 46 B.R. 19, 12 BCD 757, 12 CBC 2d 517 (BC E.D.N.Y.1984); In re Wanderlich, 36 B.R. 710 (BC W.D.N.Y.1984); In re Tracy, 28 B.R. 189, 10 BCD541, 8 CBC 2d 440 (BC Me.1983).
We are persuaded that the date of the filing of the Chapter 13 petition, May 9, 1990, is the determinative date as to what properties should be included within the Chapter 7 estate upon conversion. Since Minnieweather’s alleged cause of action for defamation did not arise until the article was printed on July 6, 1990, it should not be considered as property of the converted Chapter 7 bankruptcy case. Therefore, Minnieweather, and not the bankruptcy trustee, is the proper party plaintiff to bring the defamation action, and the trial court erred in sustaining defendants’ exception of no right of action.
EXCEPTION OF NO CAUSE OF ACTION
Minnieweather further claims the trial court erred in sustaining defendants’ exceptions of no cause of action. At the time of the dismissal of plaintiff’s suit with prejudice due to no right of action, the trial court sustained defendants’ exception of no cause of action, but allowed Minnieweather 15 days to amend her pleadings.
The order of the trial court maintaining defendants’ exception of no cause of action, but granting plaintiff leave to amend, is not a final judgment nor an interlocutory judgment which may cause irreparable harm. Coulon v. Gaylord Broadcasting, 408 So.2d 16 (La.App. 4th Cir.1981); Agamy v. Merrill Lynch, Pierce, Fenner & Smith, 487 So.2d 579 (La.App. 4th Cir. 1986). Because the order did not dismiss plaintiff’s suit and permitted an amendment within 15 days, plaintiff suffered no *1066 irreparable harm so as to invoke LSA-C.C.P. Art. 2083. Accordingly, the trial court’s order maintaining the exception of no cause of action is not appealable and is not before this court for review.
DECREE
For the foregoing reasons, the trial court’s decision sustaining defendants’ exception of no right of action is reversed. Plaintiff’s appeal from the trial court’s ruling on the exception of no cause of action is dismissed. Costs are assessed to appellees.
REVERSED IN PART AND DISMISSED IN PART.

. The trial court stated that the exception of vagueness "was covered by sustaining the exception of no cause of action” and allowing plaintiff 15 days to amend her petition.